## PEPSIN SYRUP CO. v. SCHWANER, Collector of Internal Revenue, et al.

District Court, S. D. Illinois, S. D.   July 20, 1929.

No. 17922.

Charles C. Le Forgee, of Decatur, Ill., and Hugh Satterlee, of New York City, for plaintiff.

Walter M. Provine, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill., for defendant.

FITZHENRY, District Judge.  Plaintiff is an Illinois corporation.  June 11, 1918, plaintiff filed its return for the year 1917, showing $106,045.73 to be due, which was paid.  March 11, 1919, it filed its return for the year 1918, showing a tax of $243,112.05 to be due, which was paid.  September 23, 1920, the Commissioner of Internal Revenue assessed an additional tax of $29,057.36 for the year 1917 and $215,323.02 for the year 1918.  Upon receipt of notice of such additional assessments, plaintiff filed claim in abatement and for special relief.  October 17, 1921, relief as to the additional assessment of $29,057.36 for the year 1917 was denied, but as to the additional assessment of $215,323.02 for the year 1918, relief was granted, and the additional assessment was reduced to $147,827.70.  In August, 1926, the collector insisted upon payment of the two above-named sums with the readjusted interest thereon and threatened levy.  Plaintiff filed its bill in this court to enjoin the collection of the tax and prayed for a stay order.  Circuit Judge Page heard the case and denied the prayer.

Thereafter, on August 18, 1926, to prevent seizure of its property under the warrants, the company paid the collector, on the 1917 increased assessment, $29,057.36 and interest thereon in the sum of $10,218.50, totaling $39,275.86; on the 1918 increased assessment plaintiff paid, under the same circumstances, $147,827.70 and interest thereon, $51,986.07, totaling $199,813.77, or a grand total of $239,089.63.  In September, 1926, the Pepsin Syrup Company filed claims for refund of the above sums, and these claims have never been passed on by the Treasury Department.

Section 250 (d) of the Revenue Act of 1921 (42 Stat. 265) provided that the amount of income, excess profits, or war profits taxes due under any return made under the act of 1921, or for prior taxable years, or under prior income, excess profits, or war profits tax acts, "shall be determined and assessed within *five years* after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess profits, or war profits tax acts, * * * shall be begun, after the expiration of five years after the date when such return was filed."

Plaintiff filed its declaration in assumpsit, setting out its claim for a refund of the additional tax of $29,057.36 and $199,813.77. Defendants filed five pleas, the first being the general issue. Plaintiff took issue with the defendants upon the first plea, and filed its general and special demurrer to pleas 2 to 5, inclusive. Later, pleas 2 to 5 were withdrawn, and defendants granted leave to file an additional special plea, denominated a "sixth plea." In their sixth plea defendants say "actio non," because the said defendants aver that as to the said assessment of an additional tax upon and against the said plaintiff for the year 1917, in the sum of $29,057.36, and the said assessment of an additional tax upon and against the said plaintiff for the year 1918, in the sum of $215,323.02, the plaintiff did, on, to wit, the 15th day of October, A. D. 1920, file with the defendant, collector of internal revenue, in the manner provided by law, its certain claim and claims for the abatement of such additional tax so assessed against the plaintiff for the years 1917 and 1918 as aforesaid, and that upon the receipt of the said claim and claims for abatement, and by reason thereof, the said defendant collector of internal revenue as aforesaid, stayed, to wit, withheld and deferred, the collection of said additional assessments for the years 1917 and 1918 as aforesaid, and by reason thereof and thereby the collection of the said additional taxes so assessed as aforesaid, against the plaintiff, for the years 1917 and 1918 as aforesaid, was stayed, within the meaning and purview of section 611 of the Revenue Act of 1928 (26 USCA § 2611).

Upon argument at the bar of demurrer to the sixth plea it was admitted that the collection of the tax, with interest, aggregating $239,089.63, was an overpayment on behalf of plaintiff, to which it was entitled to a refund, unless the right to the refund in the plaintiff was destroyed by reason of the enactment of section 611 of the act of 1928.

Section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249, note), which is very material·here, provides: "The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; and no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax."

Since it is practically conceded, unless the facts pleaded in the sixth plea, that section 611 of the act of 1928 is available to defendants, there is no defense to the action.

Section 607 of the Revenue Act of 1928 (26 USCA § 2607) provides: "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

Section 611 of the Revenue Act of 1928 (26 USCA § 2611), provides: "If any internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The question raised by plaintiff's demurrer to defendants' sixth plea is whether or not a mere delay by the collector to collect a tax is such a "stay" as was referred to in section 611 of the Revenue Act of 1928, in the phrase "and if the collection of any part thereof was stayed," because a claim for an abatement had at one time been filed and acted upon almost seven years before, thereby taking the tax out of the operation of section 607.

This same question has recently been before the Circuit Court of Appeals of the Ninth Circuit in Huntley, Collector, etc., v. Gile & Jenks, Copartners, etc., 32 F.(2d) 857, opinion filed May 27, 1929; also, the Circuit Court of Appeals of the Fifth Circuit, in an opinion handed down June 2, 1929, being cause No. 5523 upon the docket of that court, in United States v. Burden, Smith & Co., 33 F.(2d) 229, 231. In Huntley v. Gile et al., supra, the Circuit Court of Appeals held that the delay incident to the collection of the particular tax was within the provisions of section 611 of the Revenue Act of 1928, and therefore there could be no recovery. The later decision, in United States

v. Burden, Smith & Co., supra, held that the word "stay," as used in section 611, supra, was not interchangeable with the word "delay."

"It connotes some act on the part of the taxpayer which would morally or legally tie the hands of the Commissioner and prevent collection of the tax. The mere filing of a claim for abatement without more could not possibly have that effect. That the Treasury Department did not consider that the filing of a claim for abatement operated as a stay or prevented collection of the tax, prior to the adoption of the act of 1928, is clearly shown by the provisions of article 1032 of Regulations 62 of the Treasury Department, which is frankly quoted in the brief, as follows: 'The filing of a claim for abatement does not necessarily operate as a suspension of the collection of the tax or make it any less the duty of the collector to exercise due diligence to prevent the collection of the tax being jeopardized. He should, if he considers it necessary, collect the tax and leave the taxpayer to his remedy by a claim for refund.' "

While the opinion of the Circuit Court of Appeals of the Fifth Circuit is not binding upon this court, yet it is highly persuasive and determines the question presented here by defendant's sixth plea, and to that extent we adopt the opinion in the Burden, Smith & Co. Case, supra. While that case was being considered by the Circuit Court of Appeals of the Fifth Circuit, that court's attention was also called to the case of Huntley, Collector, v. Gile and Jenks, heretofore referred to. Judge Foster, who wrote the opinion for the court, said: "Our attention has been called by appellant to the case of Huntley, Collector, v. H. S. Gile and W. T. Jenks, decided, since this case was submitted, by the Circuit Court of Appeals of the Ninth Circuit, May 27, 1929, 32 F.(2d) 857. That case is not in point, as it was stipulated that collection of the tax had been stayed pending a decision by the Commissioner on a claim for abatement."

The tax here sought to be recovered and the right to recover it was barred by section 1106 (a) of the Revenue Act of 1926 before it was paid under duress by the taxpayer. That statute not only barred the remedy, but extinguished the obligation of the taxpayer to pay. The fact that section 612 of the Revenue Act of 1928 (26 USCA § 2612, note), repealed section 1106 (a) of the Revenue Act of 1926 "as of the date of its enactment" is of no avail to defendants in this case. It was not within the power of Con-

gress to enact legislation to re-create the liability extinguished by the operation of section 1106 (a), supra. United States v. John Barth Co. (C. C. A.) 27 F.(2d) 782–784; United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; William Danzer & Co., Inc., v. Gulf & Ship Island R. R. Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126; 17 R. C. L. 674.

We conclude that defendants' sixth plea presents no defense to plaintiff's declaration, and its demurrer thereto will be and is sustained.