## UNITED STATES v. BURDEN, SMITH & CO.

Circuit Court of Appeals, Fifth Circuit.
June 22, 1929.

No. 5523.

William A. Bootle, U. S. Atty., of Macon, Ga., D. A. Taylor, Sp. Atty., Bureau of Int. Rev., of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Int. Rev., of Washington, D. C., on the brief), for the United States.

Geo. S. Jones and C. Baxter Jones, both of Macon, Ga. (Jones, Jones & Johnston, of Macon, Ga., and Charles M. Cork, of Macon, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts stipulated by the parties and found by the District Court are these:

May 23, 1919, appellee made return for its 1918 taxes. August 30, 1919, the Commissioner of Internal Revenue assessed their 1918 income and excess profits taxes at $48,882.60. November 1, 1919, appellee filed a claim for abatement of $6,526.98, and January 28, 1920, made claim for a credit of $704.80, overpayment on its 1917 taxes. These two amounts, totaling $7,231.78, were deducted from the payment on account of the 1918 taxes. The claims for abatement and credit were rejected. On August 10, 1925, payment of $7,189.93 principal and $1,006.59 interest was exacted by duress over appellee's protest that it was not liable because the claim was barred by the statute of limitations. There was no agreement for a stay or suspension of payment. On these facts the District Court rendered judgment in favor of appellee in the sum of $8,196.52.

Appellant concedes that the collection of the tax when made was barred by the statute of limitation in accordance with the opinion of the Supreme Court in Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, and that prior to the passage of the revenue act of 1928, appellee could have maintained an action to recover the tax, but asserts that by reason of the provisions of sections 607, 611 of said act (26 USCA §§ 2607, 2611) the District Court erred in rendering judgment for appellee. These sections follow:

"Sec. 607. *Effect of Expiration of Period of Limitation against United States.*— Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Sec. 611. *Collections Stayed by Claim in Abatement.*—If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

It is admitted that standing alone section 607 is in favor of appellee, but it is argued that section 611 must be given a retroactive effect in the sense that it refers to past transactions; that Congress intended the suspension of the statute of limitations as to every claim for abatement pending for adjustment where the assessment was made any time prior to June 2, 1924; and that to this end Congress used the word "stayed" in section 611 as synonymous with "delayed." In support of this contention reliance is had on the report of the House Ways and Means Committee, No. 2, of the 70th Congress, First Session, presenting the bill.

It is unnecessary to quote the language of the report. Reports of committees of the House and Senate may be looked to as aids in construing ambiguous or conflicting terms of a statute, but they cannot be taken as giving it a meaning not fairly within its words. St. Louis, Iron Mountain & S. R. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160.

Taxing statutes are to be interpreted liberally in favor of the taxpayer. Words of the statute are to be given their plain meaning. "Stayed," in a legal sense, is not interchangeable with "delayed." It connotes some act on the part of the taxpayer which would morally or legally tie the hands of the Commissioner and prevent collection of the tax. The mere filing of a claim for abatement without more could not possibly have that effect.

That the Treasury Department did not consider that the filing of a claim for abatement operated as a stay or prevented collection of the tax, prior to the adoption of the Act of 1928, is clearly shown by the provisions of article 1032 of regulations 62 of the Treasury Department, which is frankly quot-

ed in the brief, as follows: "The filing of a claim for abatement does not necessarily operate as a suspension of the collection of the tax or make it any less the duty of the collector to exercise due diligence to prevent the collection of the tax being jeopardized. He should, if he considers it necessary, collect the tax and leave the taxpayer to his remedy by a claim for refund."

Our attention has been called by appellant to the case of Huntley, Collector, v. H. S. Gile and W. T. Jenks, decided, since this case was submitted, by the Court of Appeals of the Ninth Circuit, May 27, 1929, 32 F.(2d) 857. That case is not in point, as it was stipulated that collection of the tax had been stayed pending a decision by the Commissioner on a claim for abatement.

We need not concern ourselves with the questions as to whether the above-quoted sections of the Revenue Act of 1928 have a retroactive effect and are constitutional as applied to this case. Giving them full effect the case is with appellee. We concur in the conclusion of the District Court.

The record presents no reversible error. Affirmed.