## CUTCHEON v. RAFFERTY, Former Collector of Internal Revenue.

District Court, E. D. New York. July 15, 1929.

No. 3054.

Taylor, Blanc, Capron & Marsh, of New York City (Rollin Browne, of New York City, of counsel), for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Howard W. Ameli and Albert D. Smith, Asst. U. S. Attys., both of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, and Rowland S. H. Dyer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

MOSCOWITZ, District Judge. This is an action against the former collector of internal revenue for the First district of New York to recover an alleged erroneous and illegal collection of income taxes for the year 1918 in the sum of $1,927.60, together with interest and penalties in the sum of $520.18, an aggregate amount of $2,447.78. By written stipulation a trial by jury was waived.

Plaintiff's income tax return for the year 1918 was filed March 15, 1919, and thereafter the collector of internal revenue audited the return, and in January, 1922, an additional tax for said year for the amount of $2,394.17 was assessed against the plaintiff. On February 3, 1922, the collector of internal revenue notified the plaintiff of this assessment, and that to avoid penalty and interest said tax must be paid to the collector not later than February 13, 1922. After the receipt of this first notice and demand the plaintiff, on February 28, 1922, filed with the defendant collector of internal revenue a claim for abatement of the said tax assessed against him. On June 15, 1925, the collector of internal revenue advised the plaintiff that his 1918 tax had been overassessed in the amount of $466.57. Plaintiff's claim for abatement was allowed to the extent of said $466.57, and rejected as to the balance, thereby reducing the additional tax outstanding to $1,927.60.

On August 1, 1925, plaintiff received a second notice and demand from the collector of internal revenue for the payment of such taxes as remained unabated. On the same date the plaintiff received a second notice and demand for the payment of penalty and interest on the said additional tax remaining unabated. Plaintiff alleges that in the said notices and demands the collector threatened to collect the taxes by distraint and sale of plaintiff's property. On October 31, 1925, the plaintiff paid the unabated additional tax, with interest and penalty, in the total amount of $2,447.78, alleged to be under duress of the above-mentioned threats and under specific written protest. On December 18, 1925, plaintiff filed a claim for a refund, which was rejected on April 28, 1926. The claim for refund was based upon the ground that at the time the said payment was made under specific written protest the time provided by law in which any suit or proceeding could be instituted for the collection of any taxes for 1918, or for interest or penalty thereon, had expired, and thus the collector's notices and demands for the payment thereof were illegal, and constituted duress. No warrant of distraint was ever issued, nor

was any suit or proceeding instituted against the plaintiff for the collection of the said taxes, interest, or penalty, and the only threats of collection made by the collector were the threats of distraint contained in the second notices and demands served on August 1, 1925, more than one year after distraint and all methods of collection are alleged to have become barred by the statute of limitations.

It has been stipulated between the parties that the payment of the taxes was made under protest and duress. It is conceded by the defendant that the collection of the taxes in question was barred by the statute of limitations at the time it was made. The return was filed on March 15, 1919. Section 250 (d) of the Revenue Act of 1921, enacted November 23, 1921 (42 Stat. 265), provided a five-year limitation for the collection of taxes imposed by prior acts. By the terms of that statute collection of the tax became barred on March 15, 1924. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

It is the defendant's contention that by virtue of sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611) plaintiff is precluded from recovery in this action. Sections 607 and 611 provide as follows:

"Section 607. *Effect of Expiration of Period of Limitation against United States.* —Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Section 611. *Collections Stayed by Claim in Abatement.*—If any internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

Payment after bar is overpayment. The payment of taxes referred to in section 611 (made before or within one year after the enactment of the act) is not overpayment.

Therefore the taxes referred to in that section are taxes which are not barred. The tax in this case was barred when paid, and is still barred, unless the bar was removed by section 611. Section 611 is inapplicable in this instant case. Taxing statutes are to be construed liberally in favor of the taxpayer.

The word "stayed," as used in section 611, connotes some act on the part of the taxpayer which would prevent the Commissioner from collecting the tax within the period of the statute of limitations. "Stay" means more than the bare failure to act. Section 611 should be construed to refer to a state of facts under which, upon the filing of a claim in abatement, the Commissioner was by law or by agreement barred from collecting the tax. The mere filing of the claim in abatement did not have the effect of staying the collection of the tax. See United States of America v. Burden, Smith & Co. (Circuit Court of Appeals for the Fifth Circuit, No. 5523) 33 F.(2d) 229, opinion filed June 22, 1929.

Judgment may be entered for the plaintiff in the sum of $2,447.78, together with interest thereon from October 31, 1925.