## REGLA COAL CO. v. BOWERS, and four other cases.

District Court, S. D. New York. November 13, 1929.

Herman Goldman, of New York City (Elkan Turk and Arthur Rothstein, both of New York City, of counsel), for plaintiffs.

Charles H. Tuttle, U. S. Atty., of New York City (Walter H. Schulman, of New York City, of counsel), for defendants.

MACK, Circuit Judge. Motions for judgment on the pleadings in five cases. The facts as alleged in the complaint and admitted in the answer in the Regla Company Case

raise the identical legal questions involved in each of the other cases.[1]

In the Regla Case plaintiff, on May 1, 1918, filed its income and excess profits tax return for the fiscal year ending June 30, 1917, and was duly assessed and paid the sum of $6,867.94 as taxes for that year. On April 18, 1923, it received a bill for an additional assessment of $16,679.80; it appealed to the Special Assessment Section of the Income Tax Unit at Washington, and as part of the appeal, on April 26, 1923, filed a claim for the abatement of these taxes. No further proceedings to collect the taxes were taken until May 28, 1924, when defendant collected $7,194.44 additional taxes. Three years later, on April 27, 1927, plaintiff's application for a refund was refused (except as to a sum of $220.40 refunded as an over-assessment). As defendant took no further action within the statutory period of six months (26 U. S. C. § 156 [26 USCA § 156]), plaintiff brought the present suit on January 17, 1928, to recover the balance of $6,974.04. The pertinent statutes are set forth in the margin.[2]

Plaintiff contends that: (1) The collection of May 28, 1924, was wholly illegal under the statutes then in force because made more than 5 years after the date of the original return; (2) they have a common-law right to recover the money thus collected; (3) recovery is not barred because of sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611), since that act is inapplicable because (a) a formal stay of collection is necessary under section 611 and (b) the act created merely a new status of overpayor and was not intended to destroy the right to recover taxes illegally collected; (4) if sections 607 and 611 of the Act of 1928 (26 USCA §§ 2607, 2611) are to be construed as destroying this right, they are unconstitutional as constituting a deprivation of property without due process of law and as an improper delegation of the federal taxing power to the collector.

Defendant contends that (1) as a measure of curative expediency, Congress has the constitutional power, without depriving a taxpayer of his property without due process of law, to remove the bar of a statute of limitation on tax collection, which, as an act of grace, it had previously enacted for the repose of the taxpayer; (2) the intent of Congress in passing sections 607 and 611 was to remove the bar of the existent statute of limitations as a defense or as a cause of action, and to legalize collections made more than

---

[1] There are certain minor, immaterial differences: In the Arthur, Daniel Reeves, Inc., and Robin Conveying Company Cases, plaintiffs received letters from the Commissioner stating that an immediate assessment would be made, but that the Income Tax Bureau would entertain a claim in abatement if filed within a specified time; (b) in the Arthur Case, a part of the claim for abatement was allowed; (c) in the Brooke Glass Company and Daniel Reeves, Inc., Cases, the Commissioner definitely refused the application for a refund instead of merely taking no action thereon within the statutory six months prior to suit. 26 U. S. C. § 156 (26 USCA § 156).

[2] Revenue Act of 1918:

"Sec. 250. * * * (d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due." 40 Stat. 1083.

Revenue Act of 1926:

"Sec. 1106. (a) The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall

be made unless the taxpayer has underpaid the tax." 44 Stat. 113, 26 U. S. C. § 1249 note (26 USCA § 1249 note).

Revenue Act of 1928:

"Sec. 607. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." 45 Stat. 874, 26 U. S. C. § 2607 (26 USCA § 2607).

"Sec. 611. If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection." 45 Stat. 875, 26 U. S. C. 2611 (26 USCA § 2611).

"Sec. 612. Section 1106 (a) of the Revenue Act of 1926 is repealed as of February 26, 1926." 45 Stat. 875.

five years after the filing of returns in all cases where consideration of claims for abatement of duly assessed taxes delayed collection until after the five-year period of limitation on collection had expired.

Under section 250(d) of the Revenue Act of 1921 (42 Stat. 265) it is clear that the collection of the $16,679.80 was barred on May 1, 1923, five years after the date of the original return, and that on May 28, 1924, when this sum was actually collected from plaintiff, defendant was without authority to enforce collection either by distraint or suit. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. Accordingly, plaintiff is entitled to judgment unless sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611) may be construed as barring such collection, and, further, unless those sections, so construed, are constitutional.

2. In my judgment, section 611 of the Act of 1928 is applicable to the cases at bar. In all of them the assessments in question were made prior to June 2, 1924; claims for abatement were filed by the taxpayer (in three of them at the invitation of the Commissioner); and pending decisions on such claims, the collector made no attempt whatever to collect the taxes within the time remaining before the statutory bar would fall. But plaintiff, in reliance on the case of United States v. Burden, Smith & Co., 33 F.(2d) 229, 230 (C. C. A. 5th), followed in Cutcheon v. Rafferty (D. C. E. D. N. Y.) 34 F.(2d) 708, decided July 15, 1929, and Pepsin Syrup Co. v. Schwaner (D. C. S. D. Ill.) 35 F.(2d) 197, decided July 20, 1929, contends that the words "and if the collection * * * was stayed," in section 611 (26 USCA § 2611) require some form of compulsory stay binding upon the collector. In the Burden, Smith & Co. Case the court decided that "stayed," in a legal sense, is not interchangeable with "delayed," and necessarily connotes "some act on the part of the taxpayer which would morally or legally tie the hands of the Commissioner and prevent collection of the tax"; and since article 1032 of regulation 62 of the Income Tax Bureau specifically provides that the filing of a claim for abatement did not of itself operate as a suspension of collection, the court held that some kind of formal stay is necessary within section 611 of the Act of 1928 (26 USCA § 2611).

With all due respect, I have been unable to concur in this conclusion, and, in this district, am not bound to accept it. While taxing statutes are to be interpreted liberally in favor of the taxpayer, particular revenue acts which complement existing statutes must be interpreted with reference to such earlier acts and in the light of conditions resulting from their interpretation and administration. Section 611 of the Act of 1928 (26 USCA & 2611) cannot be construed to contemplate a judicial stay of collection, for it has long been settled that such an injunction will not issue (Rev. St. § 3224, 26 U. S. C. § 154 [26 USCA § 154]) even against collections after the statutory period. Ellay Co. v. Bowers, 25 F.(2d) 637 (C. C. A. 2d). Plaintiff contends, however, that a compulsory stay binding on the Bureau and the collector, similar to that formerly provided in section 279 of the Revenue Act of 1924 (43 Stat. 300, see 26 USCA § 1063, historical note), must have been intended. But as pointed out by Judge Dawson in Wright & Taylor, Inc., v. Lucas (D. C. W. D. Ky.) 34 F.(2d) 328, 332, decided July 26, 1929, section 611 (26 USCA § 2611), by its express terms, deals with taxes assessed prior to June 2, 1924, which was the effective date of the Revenue Act of 1924. Accordingly, it seems necessary to examine the provisions of statutes enacted prior to that date relating to claims for the abatement of taxes. The only act making provision for such claims is that of 1918, in which paragraph 14 of section 234 (40 Stat. 1079) authorizes a taxpayer at the time of filing his return to file a claim in abatement, provides that payment should not be required until such claim is passed upon; but the taxpayer must file a proper bond. This section was thus the only provision in any of the prior revenue acts which fell within the specific terms of section 611 in the Act of 1928 (26 USCA § 2611).

The 1918 act, however, required that a claim for abatement be accompanied by a bond; section 611 of the Act of 1928, by its express terms, is applicable, irrespective of whether or not a bond accompanied the claim. Moreover, while the Act of 1918 was the only statute prior to 1924 which made provision for a claim and formal stay, the Commissioner of Internal Revenue has had authority to abate or refund taxes illegally assessed throughout the period under review. See 26 USCA § 149, historical note. And pursuant to statutory authority, the Commissioner, with the approval of the Secretary of the Treasury, promulgated regulations which included provisions for the filing of claims in abatement. In none of them, however, was the execution of a bond required, or was there a mandatory provision that collection must be stayed pending decision on the claim in abatement. On the contrary, it was provided that

the filing of a claim in abatement did not necessarily operate as a suspension of the collection of the tax or make it any less the duty of the collector to exercise due diligence to prevent the collection of the tax being jeopardized by the running of the statute or otherwise. See article 261, regulation 33; article 1032, regulation 45; article 1032, regulation 62; cf. United States v. Burden, Smith & Co. (C. C. A.) 33 F.(2d) 229, 230. Under these regulations, the collector had authority to postpone the collection of the tax pending the determination of the claim for abatement, unless, in his judgment, such action would jeopardize the ultimate collection of the tax. Postponement was the common practice where there was no doubt as to the solvency of the taxpayer; in many cases the period of the statutory bar on collection expired before the decision on the claim in abatement had been rendered. See H. R. Rep. No. 2, 70th Cong., 1st Sess., p. 34; H. R. Doc. No. 578, 69th Cong., 2d Sess., p. 3, et seq. This was because prior to Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, the Bureau believe that the limitation provisions did not apply to distraints, and that therefore the collection was not in fact jeopardized.

Following the decision in the Albany Lighterage Case, a large number of taxpayers in the situation of the present plaintiffs, who had failed to have their assessments abated and who had been forced to pay under threat of distraint, sought to secure refunds on the ground that the taxes had been illegally collected. It was to meet this situation that the present section 611 (26 USCA § 2611) was drafted; its purpose is clearly set forth in the report of the Ways and Means Committee in presenting the bill to the House:

"Prior to the enactment of the Revenue Act of 1924 it was the administrative practice to assess immediately additional taxes determined to be due. Upon the assessment, taxpayers were frequently permitted to file claims in abatement with the collector and thus delay the collection until the claim in abatement could be acted upon. If this practice had not been followed, undue hardship undoubtedly would have been imposed upon the taxpayer. It was supposed that there was no limitation upon the collection by distraint of the amount ultimately determined to be due. However, the Supreme Court has recently held in a case in which the period for assessment expired prior to the enactment of the 1924 Act, that the period of collection was limited to five years from the date on which the return was filed. Decisions upon claims in abatement are being made every day. Amounts have been paid, are being paid, by the taxpayer even though the statute of limitations may have run. Exceptionally large amounts are involved. Accordingly, it is of utmost importance to provide that the payments already made should not be refunded. In order to prevent inequality, it is also provided that the amounts not yet paid may be collected within a year after the enactment of the new Act.

"Your committee appreciates the fact that this provision will probably be subjected to severe criticism by some of the taxpayers affected. However, it must be borne in mind that the provision authorizes the retention and collection only of amounts properly due, and merely withdraws the defense of the statute of limitations. If it is determined that the amount paid is in excess of the proper tax liability, computed without regard to the statute of limitations, such excess will constitute an overpayment which may be refunded or credited as in the case of any other overpayment." H. R. Rep. No. 2, 70th Cong., 1st Sess., p. 34; see also Sen. Rep. No. 960, 70 Cong., 1st Sess., p. 42.

That section 611 (26 USCA § 2611) was intended to include more than those cases in which a formal claim in abatement and bond had been filed is further indicated in the light of the inapplicability of the time limitation to the liability on the bond. See United States v. John Barth Co., 279 U. S. 370, 376, 49 S. Ct. 366, 73 L. Ed. 743.

In view of the prior legislation, the departmental regulations and practice thereunder, and the statements in the Committee reports, I am entirely clear that section 611 should be construed as applicable to those cases in which the filing of a claim in abatement had *in fact* resulted in an administrative delay in collecting duly assessed taxes, even though no formal "stay" had been granted.

■ 3. I come then to a consideration of the constitutionality of section 611 as applied to the cases at bar. It is well settled that Congress has the power to ratify, by subsequent legislation, an unauthorized and illegal tax collection so as to give it retroactive validity. United States v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Rafferty v. Smith, Bell & Co., 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208. But plaintiff insists that this power is conditioned both upon the power of Congress at the time of the unauthorized collection to

lay the tax and upon an unequivocal manifestation of the legislative intent to ratify the unauthorized collection. It is urged that section 611 evidences no such intent, that in any event, after the statutory bar has fallen, the taxpayer has a vested right to recover the taxes, and that to deprive him of this right constitutes a taking of property without due process of law.

In my judgment, an examination of the three pertinent sections of the act of 1928 sufficiently indicates the intent to ratify the illegal collection and to prevent the return of taxes properly assessed, and, but for the limitation act, otherwise valid and due. Section 612 repeals as of its original date of enactment section 1106 (a) of the Revenue Act of 1926 which specifically provided that the running of the statute should extinguish the right as well as bar the remedy. Section 607 (26 USCA § 2607) provides that in the ordinary case of payment after the statute has run, such payment shall be considered an overpayment and refunded or credited as such. Section 611 (26 USCA § 2611) exempts from the operation of section 607 cases, such as those at bar, in which a claim in abatement had been filed and collection delayed. While no express mention is made of ratification, a reading of these three sections in the light of their purpose, as above stated, makes it abundantly clear that Congress intended to give to the collections already made (or to be made within a year) whatever validity it was empowered to give.

Contrary to Clinton Iron & Steel Co. v. Heiner (D. C.) 30 F.(2d) 542, relied on by plaintiff, I agree with the views expressed by Judge Dawson in Wright & Taylor, Inc., v. Lucas, supra, as follows: "There is no merit in the plaintiff's suggestion that section 611 is only an inhibition against the Commissioner of Internal Revenue making refunds in such cases, but that it has no application in a suit against a collector such as the one here. Such a construction of this section would lead to an unconscionable result. When he collected the tax, the collector was required by law to immediately pay same into the Treasury. He had no right to retain the money pending the outcome of threatened litigation over the collection. The government has had the benefit of the collection. Yet, if the plaintiff's theory is correct, Congress intentionally left collectors open to suit and judgment in such cases as the one at bar * * *. It seems to me that the mere suggestion of the result of such a construction forces us to reject it." To hold that the Commissioner is prohibited from making refunds, but that the collector may nevertheless be sued, would produce an anomalous situation, in view of the decisions that, though in form such suit is against the collector, in substance it is an action against the United States within the Tucker Act (24 Stat. 505). United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 32, 35 S. Ct. 499, 59 L. Ed. 825.

■ Plaintiff's final contention that, inasmuch as the statute had run at the time of the collection, Congress was then and is still without the constitutional power to remove the bar, cannot be sustained. It is well settled that there is no vested right to rely upon a statute of limitation to defeat a debt or other personal obligation; the Legislature which imposed the bar may remove it. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; cf. Decker v. Pouvailsmith Corp., N. Y. Ct. App., decided October 15, 1929, reported in 252 N. Y. 1, 168 N. E. 442. That because of sovereign grace the expiration of the statutory period not only gave the taxpayer a defense, but also a right to recover taxes paid thereafter, does not, in my judgment, change the result. Nor is this a case like Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067, or Danzer & Co. v. Gulf & S. I. R. R. Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126, in which the grant of a right is conditioned upon its being exercised within a prescribed period; for the right of the United States to these taxes existed prior to and independent of the grant of a limitation statute for the repose of the taxpayer. This result is identical with that reached by the Circuit Court of Appeals for the Ninth Circuit in Huntley v. Gile, 32 F.(2d) 857, and by Judge Dayson in Wright & Taylor, Inc., v. Lucas, supra, in both of which cases the constitutionality of section 611 (26 USCA § 2611) was sustained.

No injustice to the taxpayer results from such construction. The purpose of the limitation statute was to protect the taxpayer against the assertion of stale governmental claims at a time when most of the evidence bearing on the correctness of the assessment would have been lost. This purpose is certainly satisfied where, as here, the evidence relating to the assessment has been preserved in the claim for abatement.

■ 4. The objection that section 611 is unconstitutional, because it leaves to the collector the arbitrary power to determine whether or not to collect the tax and thereby prevent the taxpayer from recovering it, cannot be sustained. The section specifically covers payments (which includes collections) made

**378**

within one year after its enactment. As held in Ellay Co. v. Bowers, supra, such collection cannot be enjoined, and, by virtue of section 611, once the money has been collected, it may not be recovered solely because it was collected after the statutory period. That some taxpayers may escape because the collector does not act within the one-year period is beside the point; it must be assumed that the executive department of the government will act with due diligence.

Since the hearing on these motions for judgment on the pleadings, the precise question involved has been passed upon in this court in Laura H. Jennings v. Anderson, decided October 11, 1929. In that case Judge Grubb directed a verdict in favor of the plaintiff taxpayer, but filed no opinion. While ordinarily the rule of comity would require me to follow Judge Grubb's decision, in view of the fact that he rendered no opinion in the case, and that he may perhaps have felt to some extent bound by the views of the Circuit Court of Appeals of his home circuit (United States v. Burden, Smith & Co., supra), and in consideration, too, of the importance of the question presented, I have deemed it my duty, sitting in this court, briefly to state my own views and conclusions.

Since the foregoing opinion was dictated, the opinion of the Ninth Circuit Court of Appeals in Goodcell (Millie Francis Oil Company) v. Graham, 35 F.(2d) 586, filed November 4, 1929, has come to my attention. The foregoing opinion is entirely in accord with that opinion in the interpretation of the word "stay" and in declining to follow United States v. Burden, Smith & Co., supra.