**W. P. BROWN & SONS LUMBER CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.**
**No. 5376.**

Circuit Court of Appeals, Sixth Circuit.
Feb. 21, 1930.

W. W. Spalding, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief), for appellants.

N. D. Keller, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and John MacC. Hudson, all of Washington, D. C., on the brief), for appellee.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

MACK, Circuit Judge.

It is conceded by respondent that the question whether or not the deficiency assessment was collectible from Brown Brothers Land & Lumber Company is governed by Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, decided since the order of redetermination was entered; therefore respondent consents to the reversal of that part of the board's order which found that the collection of such deficiency was not barred by the statute of limitations.

On April 1, 1918, the other petitioner, W. P. Brown & Sons Lumber Company, filed its income and profits tax return for the year 1917; on December 13, 1920, it filed an unlimited waiver of "any and all statutory limitations as to the time within which assessments based upon such liability may be entered." On March 5, 1923, the commissioner made a jeopardy deficiency assessment for the taxable year 1917, and in the same month petitioner filed a claim for the abatement thereof. Thereafter petitioner filed a further waiver dated December 10, 1923, in which it consented "to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return · * * * for the year 1917. * * *" This waiver by its terms would have expired on December 10, 1924. On October 25, 1924, petitioner filed a similar waiver extending the period to "one year after the expiration of the statutory period of limitations within which assessment of taxes may be made for the year or years mentioned, or the statutory period of limitations as extended by § 277(b) of the Revenue Act of 1924 (26 USCA § 1057 note), or by any waivers already on file with the bureau."

On October 28, 1925, respondent notified petitioner of a partial allowance of the claim in abatement and of the definite determination of the amount of the deficiency. On November 18, 1925, petitioner filed an appeal with the Board of Tax Appeals from this determination of deficiency. Subsequently the amount of the deficiency assessment, if any was to be paid, was stipulated by the parties; and the appeal was thereafter confined solely to the question of whether or not its collection was barred by the statute of limitations. From the decision of the board finding that the collection was not so barred, petitioner has brought this appeal. The pertinent statutes are set forth in the margin.[1]

---

[1] Revenue Act of 1921, c. 136, 42 Stat. 227, 264:

"Sec. 250. * * * (d) The amount of * * * taxes due * * * under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes *. * * shall be begun, after the expiration of five years after the date when such return was filed. * * *"

Revenue Act of 1924, c. 234, 43 Stat. 253, 297:

"Sec. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed * * * the taxpayer * * * shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals. * * * [26 USCA § 1048, note.]

"(b) If the Board determines that there is a deficiency, the amount so determined shall be assessed and shall be paid upon notice and demand from the collector * * * proceeding [for collection] shall be begun within one year after the final decision of the Board, and may be begun within such year even though the period of limitation prescribed in section 277 has expired." 26 USCA § 1049, note.

"Sec. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279. * * *

"(2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1917, * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period. * * *

"(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board." 26 USCA § 1057, note.

"Sec. 278. * * *

"(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the

Petitioner contends: (1) That the waiver of December 13, 1920, cannot be relied upon because in terms it extended solely the right to assess and not the right to collect; (2)

tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made. [26 USCA § 1061, note.]

"Sec. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any * * * tax imposed by * * * the Revenue Act of 1917 * * * the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277." 26 USCA § 1064, note.

- Revenue Act of 1926, c. 27, 44 Stat. 9, 55:

"Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court." 26 USCA § 1048.

"Sec. 277. (a) Except as provided in section 278— * * *

"(3) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1917, * * * shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *

"(b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." 26 USCA § 1057.

"Sec. 278. * * *

"(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer." 26 USCA § 1061.

"(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act." 26 USCA § 1062.

"Sec. 283. * * *

"(e) If any deficiency in any income, war-profits, or excess-profits tax imposed by * * * the Revenue Act of 1917, * * * was assessed before June 3, 1924, but was not paid in full before the date of the enactment of. this Act, and if the Commissioner, after the enactment of this Act, finally determines the amount of the deficiency, he is authorized to send by registered mail to the person liable for such tax notice of such deficiency, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. In the case of any such final determination the amount of the tax (whether deficiency or interest, penalty, or other addition to the tax) shall, except as provided in subdivision (h) of this section, be computed as if this Act had not been enacted, but the amount so computed shall be collected and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand, and the provisions relating to claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in section 277 of this Act and in subdivision (i) of this section.

"(f) If any deficiency in any income, war-profits, or excess-profits tax imposed by * * * the Revenue Act of 1917, * * * was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in sub-

that both the waivers of December 10, 1923, and October 25, 1924, are inapplicable because they relate only to taxes due "under any return" and the assessment sought to be collected was not a return by petitioner but an additional assessment made by the commissioner in 1923; (3) that such waivers are also invalid because they were filed after the expiration of the statutory period for enforcing collection; (4) and, finally, that these waivers by their terms expired prior to the entry of the board's order, and since, as petitioner maintains, § 277(b) of the Act of 1924 (26 USCA § 1057 note) is inapplicable to the right of collection, and the statute had run prior to the enactment of the Act of 1926, collection is now barred.

Respondent contends: (1) That the waiver of December 10, 1923, although filed after the statute had run, is valid within § 250(d) of the Revenue Act of 1921 (42 Stat. 265); (2) that by virtue of this waiver and that of October 25, 1924, the period for determination, assessment, and collection of the petitioner's taxes for the year 1917 was extended to December 10, 1925; (3) that the extension of time granted by § 277(b) (2) and § 278(d) of the Revenue Act of 1924 is applicable; (4) and that since the Act of 1926 was passed while petitioner's appeal was pending, the period for collection was also thereby extended until the decision of the board should have become final.

(1) It is conceded that unless the right of collection has been kept alive by waivers and by the provisions of the Revenue Acts of 1924 and 1926, the collection of the unabated stipulated portion of the additional assessment for 1917, is now barred under § 250(d) of the Revenue Act of 1921.

(2) We need not consider whether or not the unlimited waiver [2] of December

13, 1920, included collection, because in our judgment, the waiver of December 10, 1923, though given after the statute had run, was effective to revive the government's right to assess and collect the taxes for 1917. Petitioner's argument that it was not, proceeds upon the double theory that § 250(d) of the Act of 1921 necessarily requires that the waiver be signed before the statute has run, and that if the specified period has elapsed, the right as well as the remedy is extinguished. We find nothing in the text or content of § 250(d) to require this construction. Statutes imposing limitations upon action by the United States are to be strictly construed in favor of the government. United States v. Whited & Wheless, Ltd., 246 U. S. 552, 38 S. Ct. 367, 62 L. Ed. 879; Dupont de Nemours & Co. v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788. It is true that the section requires that the commissioner also sign the waiver [Greylock Mills v. Commissioner, 31 F.(2d) 655 (C. C. A. 2d)]; and the Court of Appeals of the District of Columbia seems to be of the opinion that this precludes a waiver after the five years has run, on the theory that the commissioner's consent would be but a futile gesture after his authority to collect the tax has ended. See Joy Floral Co. v. Commissioners, 58 App. D. C. 277, 29 F.(2d) 865.

The legislative purpose in requiring such consent is not apparent; if a contract is contemplated, it is difficult to see what consideration the commissioner furnishes. See Greylock Mills v. Commissioner (C. C. A.) 31 F.(2d) 655, 657. Another reason, however, may be suggested. Oral waivers would have been subject to dispute and controversy as to form and meaning, and Congress made it clear that the taxpayer should not be bound except by a written waiver acceptable to the commissioner. When a waiver is accepted, it is understood, if not impliedly agreed, that proceedings for the collection of the tax will be suspended until intensive and thorough consideration of the taxpayer's claimed exemptions, valuations, and the like will have been made. This would frequently result in a delay of the assessment and collection until after the statutory period had run, and as an incident of orderly

---

division (e) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284. * * *

"(1) In the case of any income, war-profits, or excess-profits tax imposed by prior Act of Congress, in computing the period of limitations provided in section 277 or 278 of this Act on the making of assessments and the beginning of distraint or a proceeding in court, the running of the statute of limitations shall be considered to have been suspended (in addition to the period of suspension provided for in subdivision (b) of section 277) for any period prior to the enactment of this Act during which the Commissioner was prohibited from making the assessment or beginning distraint or proceeding in court." 26 USCA § 1064(e)(f)(l).

[2] This waiver would in any event have ter-

minated on April 1, 1924, under the order of April 11, 1923, by which the department ruled that all unlimited waivers should expire on April 1, 1924. Mim. 3085, Cum. Bull. I. R. II-1, p. 174. See Greylock Mills v. Commissioner (C. C. A.) 31 F.(2d) 655, 657. Nevertheless, it would have sufficed to prevent the running of the statute until after the waiver of December 10, 1923, was filed.

administrative procedure it was essential that the commissioner have full knowledge of the action taken and, therefore, that such a waiver be not accepted indiscriminately by a collector or revenue agent. This may well account for the statutory requirement that to be effective, the waiver be signed by the commissioner. The time of his signature, however, was not vital; as recently stated by the Court of Claims, after a thorough examination of the contention that a prior signature was necessary, "to hold that the statute requires the Commissioner to consent to the waiver before the expiration of the period of limitations is to engraft upon the statute something which certainly is not contained within its provisions nor, as we think, is there any reason to infer that such was the intent of Congress." Stange v. United States, Ct. Clms., November 4, 1929, United States Daily, November 8, 1929, pp. 2262, 2263. See also Wells Bros. Co. v. Commissioner, 16 B. T. A. 79; Harris Co. v. Commissioner, 16 B. T. A. 469.

▮ The contention that the right as well as the remedy was barred and that consequently there was no consideration for petitioner's waiver cannot be accepted. This problem has recently arisen in connection with the asserted unconstitutionality of §§ 607 and 611 of the Revenue Act of 1928 (45 Stat. 874, 875, 26 USCA §§ 2607, 2611), by which Congress in certain cases removed the bar of the statute after it had once fallen. It has been held in a number of cases that the bar imposed by § 250(d) of the Act of 1918 (40 Stat. 1083) and similar provisions in other acts goes merely to the remedy and not to the right,[3] and that the Legislature which imposed the bar may remove it. Huntley v. Gile, 32 F.(2d) 857 (C. C. A. 9th); Wright & Taylor Co. v. Lucas (D. C. W. D. Ky.) 34 F.(2d) 328, decided July 26, 1929; Regla Coal Co. v. Bowers (D. C. S. D. N. Y.) 37 F.(2d) 373, decided by the writer, November 13, 1929. In any event, the bar of the remedy, provided by the ordinary statute of limitations, may be effectively waived without consideration. See Williston, Contracts, §§ 160–184.

▮ (3) Petitioner's contention that the waivers of 1923 and 1924 include taxes due

only under its return needs little discussion. The argument is that the language "due under any return made by or on behalf of said taxpayer" in the waiver limits the consent to a later determination, assessment, and collection of only such taxes as may have been shown to be due by that return. Petitioner's return for 1917, is not in evidence, and for aught that appears in the record before us, the tax here involved might have been assessed on the basis of information contained in the return, and would therefore be a tax due under that return. But aside from this possibility, we are clearly of the opinion that such a narrow construction of the waivers would not be warranted either by the instruments read as a whole or by the statute pursuant to which they were filed. The taxpayer is required to make a return so that the commissioner may have the information necessary to a correct determination of its tax liability, and if such information be incomplete, the commissioner must supply the deficiency from other sources. Clearly, it is the entire tax liability to which the inquiry is directed; it is to determine this that the commissioner accepts the waiver and delays assessment and collection. This broad purpose, implicit in the whole arrangement, is not to be thus restricted by a narrow construction of the phrase "due under any return" in this waiver.

▮▮ (4) The series of waivers purported to extend the period for the determination, assessment, and collection of the 1917 tax to December 10, 1925, or for the period provided in § 277(b) of the Revenue Act of 1924 (26 USCA § 1057 note). On October 28, 1925, the commissioner sent his notice of final determination, and on November 18, 1925, petitioner appealed to the Board of Tax Appeals. Since no proceeding to collect these taxes was begun prior to December 10, 1925, the continuance of the right under this waiver depends upon the construction of section 277(b) and related sections of the 1924 Act and/or section 283(f) of the 1926 Act. Petitioner asserts that § 277 (b) of the 1924 Act relates only to the right of assessment and not to the right of collection; that because of its reference thereto in the waiver of October 25, 1924, that waiver is similarly limited.

Section 280 of 1924 (26 USCA § 1064 note) provides that if, after June 2, 1924, the commissioner determines that an assessment of 1917 taxes, "whether as deficiency or as interest, penalty, or other addition to the tax," should be made, the other provisions

[3] This is perhaps confirmed by the fact that § 1106 (a) of the Revenue Act of 1926 (44 Stat. 113, 26 USCA § 1249, note), specifically provided that the bar of the statute "shall not only operate to bar the remedy but shall extinguish the liability." This section, however, was repealed as of its effective date by § 612 of the Act of 1928, 45 Stat. 875.

of the Act of 1924 are applicable. Section 274(a), 26 USCA § 1048, note, provides for the appeal of such determination to the Board of Tax Appeals, and section 277(b), 26 USCA § 1057 note, extends the period during which such assessment may be made until after the final decision of the board. Thereafter, § 278(d), 26 USCA § 1061 note allows the government six years in which to collect the assessment.

In Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 122, 73 L. Ed. 255, it was held, that the extension granted by section 278 was limited to cases in which the assessment in question had been made after June 2, 1924, the effective date of the 1924 Act. That was a case of a direct proceeding by the United States to collect taxes; it was not a case involving an appeal to the Board of Tax Appeals. The opinion says of the Act of 1924, that "it made provision concerning taxes thereafter to accrue; also for those already due. It distinguished between existing assessments and those which were to follow. It established a Board of Tax Appeals and gave the right of appeal thereto whenever thereafter the Commissioner should propose to assess for deficiency. * * * To secure proper action by the Board might require considerable time, and this was provided for by extending the limitation to six years after assessment. But the taxpayer was afforded protection against any improper action by the Commissioner through an appeal before any assessment could be actually imposed—a new and valuable right."

If, in the instant case, the definite and final assessment of this deficiency tax was prior to June 2, 1924, then the Russell Case governs it.

The assessment of March, 1923, was a jeopardy assessment to which petitioner immediately filed a claim in abatement. The final determination of this assessment and its collection would await the commissioner's action on the claim for abatement, under the common practice (See H. R. Rep. No. 2, 70th Cong., 1st Sess., p. 34; H. R. Doc. No. 578, 69th Cong., 2d Sess., p. 3 et seq., cited in Regla Coal Co. v. Bowers, supra); that such was petitioner's understanding is shown by its petition to the Board of Tax Appeals in which it states that the deficiency letter of October 28, 1925, "evidences the final determination by the Commissioner of the 1917 deficiency." Had it not been so, petitioner would have had no right of appeal to the board under section 280 of the Act of 1924;

this requires a final determination, necessarily prior to final assessment. Cf. United States v. Board of Tax Appeals, 56 App. D. C. 392, 16 F.(2d) 337. The fact that the amount of the deficiency as finally determined was covered by the jeopardy assessment theretofore made, did not render it any the less a deficiency which the commissioner on October 28, 1925, finally determined should be assessed. The commissioner might have abated the former assessment in its entirety (as he did in part) and in the absence of a written settlement have determined a new deficiency assessment at any time before December 10, 1925. See L. Loewy & Sons, Inc., v. Commissioner, 31 F.(2d) 652 (C. C. A. 2d); Holmquist v. Blair, 35 F.(2d) 10 (C. C. A. 8th). And such new determination would clearly fall within section 280 and section 274(a). Petitioner availed itself of the provisions of the Act of 1924 for a review of the determination of its tax liability; it cannot now deny the applicability of related sections of that act. Accordingly, we conclude that since the deficiency determination of October 28, 1925, came within section 280, and was appealed under section 274 as being a final determination before assessment, the extension of time granted by section 277(b) and section 278(d) has not expired.

■ (5) But assuming that the jeopardy assessment of March 5, 1923, was the only assessment, we are of the opinion that the period for collection was extended by section 283(f) of the Act of 1926 (26 USCA § 1064 (f). That section specifically provides for a review by the Board of Tax Appeals, if an assessment was made "before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal." Moreover in such case section 274(a) provides (with exceptions not material to this discussion) that no distraint or proceeding for the collection of a deficiency shall be begun or prosecuted if a petition has been filed with the Board of Tax Appeals until the decision of the board has become final. Furthermore, the beginning of such a proceeding or distraint during the time this prohibition is in force may be enjoined, contrary to the general rule. Peerless Woolen Mills v. Rose (C. C. A.) 28 F.

(2d) 661. Section 277(b) provides that the running of the statute of limitations against the beginning of a proceeding for collection, as well as against the making of assessments, "shall [after the mailing of the necessary notice] be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." See also Reg. 69, arts. 1232 and 1271.

Section 283(1) provides that in the case of any tax imposed by a prior act, the running of the statute shall be considered to have been suspended (in addition to the period of suspension provided in section 277[b]) for any period prior to the enactment of the Act of 1926 during which the commissioner was prohibited from making an assessment or beginning distraint or proceeding in court.

In the case at bar, the petition to the Board of Tax Appeals was filed on November 18, 1925, before the expiration of the last waiver on December 10, 1925, and thus was pending before the board on February 26, 1926, the date on which the Act of 1926 became effective. Consequently, § 283(f), 26 USCA § 1064(f), and related sections of that act are fully applicable.

Petitioner insists, however, that both section 277(b) and section 283(f) of the Act of 1926 are limited by section 278(e) of that act. The latter section provides that "This section shall not * * * authorize the assessment * * * or the collection * * * (1) if at the time of the enactment of this Act [such proceeding] was barred * * * unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act." The argument is that since the last waiver by its terms expired on December 10, 1925, that is, prior to the effective date of the Act of 1926, this section bars collection. We cannot accept this interpretation. The authority for extending the time for collection under the facts of the case at bar is found in section 283(f), and not in section 278; the prohibition in section 278(e), moreover, is by its language clearly limited to assessments and collections authorized by that section, that is, by the preceding alphabetical subdivisions of section 278. And the latter part of section 278(e) recognizes and indeed reinforces the prohibition against collection while a case is pending before the board, contained in section 274(a). This section 274(a) is incorporated by reference in section 283(f) which authorizes collection in the present case. Cf. section 283(f) and section 283(e). Obviously, then, the provisions of section 278(e) were not intended to be inconsistent with section 274(a) or subdivisions (e) and (f) of section 283. If we are to accept petitioner's contention that section 278(e) is inconsistent with the interpretation we have given section 283(f), we must necessarily hold that section 278(e) in effect nullifies the clear provisions of section 283(f). Not only is there nothing in the statute to warrant this interpretation, but the interrelations of section 274(e) and section 283(f) makes the contrary clear.

Order reversed as to Brown Brothers Land & Lumber Company, and affirmed as to W. P. Brown & Sons Lumber Company.