## MARSHALL WELLS CO. v. WILLCUTS, Collector of Internal Revenue.

### No. 1400.

District Court, D. Minnesota, Fifth Division.

June 13, 1930.

Mitchell, Gillette & Carmichael, of Duluth, Minn., and Johnson & Shores, of New York City, for plaintiff.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., M. W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry C. Clark and Chas. B. Lingamfelter, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for defendant.

SANBORN, District Judge.

This is a suit for the recovery of corporation income and profits taxes collected for the year 1918. The plaintiff sues for the recovery of two separate items, one of $226,748.77, assessed on June 1, 1922, and collected on May 1, 1924, and the other of $147,036.76, assessed on May 1, 1925, and collected on June 20, 1925. The plaintiff claimed that both of these collections were illegal because made after the expiration of the statute of limitations, that is, five years after its return for the year 1918 was filed. It appears that three returns were filed for that year, one a tentative return on March 19, 1919; a completed return on June 15, 1919; and an amended return at a later date. It was the plaintiff's original theory that the so-called tentative return of March 19, 1919, started the running of the period of limitation, and that consequently the collections of the items in suit were both illegal because not made until after March 19, 1924.

Since the trial of this case, the Supreme Court of the United States has handed down its decision in the case of Florsheim Bros. Co. v. U. S. (White v. Hood Rubber Co.), 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542, holding that a so-called tentative return is not a return within the meaning of the statute (Revenue Act of 1921, § 250(d), 42 Stat. 265), and that the five-year period does not commence until the completed return is filed. It is conceded by the plaintiff that that decision eliminates from this controversy the item of $226,748.77, and that the only question now remaining is whether the item of $147,-

036.76 was illegally collected, because of the running of the statute.

A waiver or consent was filed by the taxpayer on February 2, 1924. The plaintiff contends that the waiver was a complete nullity, but admits that, if it was effective, the plaintiff would have no right to recover back the item of $147,036.76.

The waiver in question was not signed by the Commissioner personally, but signed by a subordinate, Louis T. Lohmann, in the name of the Commissioner, by himself as "Head of the Consolidated Returns Audit Division of the Income Tax Unit." The plaintiff contends that Mr. Lohmann was wholly without authority to execute this consent on behalf of Commissioner Blair, and that the Commissioner was wholly without authority to delegate to Mr. Lohmann authority to execute such a document on his behalf; that the giving or withholding of his official consent was not a mere ministerial function of the Commissioner of Internal Revenue, but was inherently a discretionary act of solemn responsibility involving a high fiduciary duty which could not be delegated to a subordinate nor exercised by another, save possibly a duly authorized Deputy Commissioner of Internal Revenue acting as such under the authority of the law itself.

The Revenue Act of 1924, which was in force throughout the year 1925, provided:

"Sec. 278 * * * (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 [five years after the return was filed] for its assessment, the tax may be assessed at any time prior to the expiration of the period agreed upon." (26 USCA § 1060 note.)

If the consent in this case was in effect signed by the taxpayer alone, it would not have the effect of preventing the running of the statute of limitations. Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676; Brown & Sons Lumber Co. v. Commissioner (C. C. A.) 38 F.(2d) 425; Joy Floral Co. v. Commissioners, 58 App. D. C. 277, 29 F.(2d) 865; Greylock Mills v. Commissioner (C. C. A.) 31 F. (2d) 655; Moore v. Commissioner of Internal Revenue, 17 B. T. A. 314; Hind v. Commissioner of Internal Revenue, 18 B. T. A. 96.

I think it would serve no useful purpose to attempt to review the authorities cited by the plaintiff and by the defendant in support of their respective positions. There are unquestionably certain discretionary acts conferred upon government officials by Congress which they cannot delegate to subordinates, and a very plausible argument to the effect that the power conferred upon the Commissioner to sign waivers cannot be delegated has been made, and much of the language found in the decisions supports the plaintiff's theory. However, I am unable to convince myself that the Commissioner is obliged to exercise his individual discretion with respect to every waiver which is presented to his Bureau or Department by taxpayers. It seems to me that that would be placing an unreasonable construction upon the act of Congress and requiring the Commissioner to assume a burden which it was probably never contemplated that he should be required to personally assume. While the act of signing a waiver no doubt requires discretion, it is not, in my opinion, such a discretion as could not, under proper office rules and regulations, be delegated to responsible subordinates. There is no claim made that Mr. Lohmann did not have the authority of the Commissioner to execute the waiver. The waiver was a part of the files and records of the Commissioner's office and was acted upon by him. Under the circumstances, I think that the Commissioner could not have repudiated the waiver himself, nor do I think the taxpayer can repudiate it and thus avoid payment of its tax. My opinion is that the statute was sufficiently complied with.

I find generally in favor of the defendant that he is entitled to judgment dismissing the complaint and for his costs and disbursements. Let judgment be entered accordingly.