## WOLF SAFETY LAMP CO. OF AMERICA v. UNITED STATES.

District Court, S. D. New York.

Oct. 14, 1930.

Johnson & Shores, of New York City, for plaintiff.

Charles H. Tuttle and Walter H. Schulman, both of New York City, for the United States.

FRANK J. COLEMAN, District Judge.

The sole question presented is whether plaintiff's payment of part of its income and excess profits tax after the period of limitations can be recovered. Plaintiff filed its return for the year 1917 on March 15, 1918, and in October, 1919, the government assessed an additional tax in the sum of $2,428.39 for the year 1917. On October 24, 1919, plaintiff filed a claim in abatement of the additional assessment, and thereafter all proceedings to collect it were held in abeyance. In October, 1922, the claim in abatement was partially allowed, and on April 6, 1925, under threat of distraint the plaintiff paid the balance of the additional assessment, $1,793.61. On January 10, 1927, plaintiff filed a claim for a refund and, no action having been taken, brought the present suit on November 16, 1927.

At the time the $1,793.61 was paid under threat of distraint, the period of limitations had run and the government had no power to

collect it. The Revenue Act of 1928 provided:

"Sec. 607. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." 26 USCA § 2607.

"Sec. 611. If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection." 26 USCA § 2611.

These sections have been held by the Circuit Court of Appeals of this circuit to bar a recovery of·an income tax paid after the expiration of the period of limitation and before the enactment of these sections, if the taxpayer had filed a claim in abatement. Regla Coal Co. v. Bowers (D. C.) 37 F.(2d) 373; Daniel Reeves v. Anderson (C. C. A.) 43 F.(2d) 679, decided July 21, 1930.

There are two points raised by the plaintiff: (1) That the statute as construed by the Circuit Court of Appeals is unconstitutional; and (2) that even under that construction a recovery should be had in the present case because of a difference in the facts. The first point need not be considered because it has been already passed on by the Circuit Court of Appeals.

█ As to the second point, the only dif-. ference in the facts which the plaintiff mentions is that in the present case the claim in abatement as to the $1,793.61 was rejected by the department about five months before the period of limitation had expired; whereas, in the cases decided by the Circuit Court of Appeals the claims in abatement had not been rejected before the expiration of the period of limitation. This raises merely the question whether section 611 (26 USCA § 2611), in barring a recovery where the taxpayer had filed a claim in abatement, intended that the bar be effective only in case the claim in abatement was undecided at the termination of the period of limitation. There are no express words to that effect in the statute, and the plaintiff bases its argument on the proposition that the bar was intended only where the taxpayer had prevented the collection of the tax within the period of limitation. It is true the plaintiff's claim of abatement did not prevent the collection of the tax during the last five months of the period of limitation, but it had done so for the three years preceding. I believe the statute must be construed to mean that if during any part of the period of limitation, the Treasury Department was prevented from collecting the tax by a claim in abatement the taxpayer may not subsequently recover it. Suppose the claim in abatement had been rejected only a week or even a day before the expiration of the period of limitation, the department would be unable as a practical matter to collect the tax within the period, yet under the plaintiff's construction a recovery of the tax paid could be had, which would certainly be contrary to the intention of Congress.

The complaint is therefore dismissed. Settle findings on notice.