WILLIAM DANZER & COMPANY, INC. *v.* GULF &
SHIP ISLAND RAILROAD COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 346.   Argued April 28, 1925.—Decided June 8, 1925.

1. The right of a shipper to an award by the Interstate Commerce
   Commission of the damages resulting from misrouting of his goods
   by a carrier, is both created and limited by the Interstate Com-
   merce Act.   P. 635.
2. The limitation of the Act, (§ 16 (3)) that such complaints shall
   be filed within two years from the time the cause of action accrues,
   and not after, enters into the cause of action, so that lapse of that
   time not only bars the remedy afforded but destroys the liability
   of the defendant to the plaintiff.   P. 636.
3. Section 206 (f) of the Transportation Act, 1920, providing: " The
   period of Federal control shall not be computed as a part of the
   periods of limitation in actions against carriers or in claims for
   reparation to the Commission for causes of action arising prior to
   Federal control ", is not to be construed retroactively to recreate
   a liability destroyed by lapse of the two year period, *supra,* before
   the Transportation Act was passed; this would deprive the carrier
   of property without due process, in violation of the Fifth Amend-
   ment.   P. 637.
Affirmed.

ERROR to a judgment of the District Court sustaining a demurrer and dismissing the complaint in an action against a carrier to recover damages awarded by the Interstate Commerce Commission.

*Mr. Brenton K. Fisk* for plaintiff in error.

*Mr. B. E. Eaton* for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiff in error brought this action to recover the amount of damages awarded against defendant in error by the Interstate Commerce Commission. August 30, 1917, at Lyman, Mississippi, the Ingram-Day Lumber Company delivered to defendant in error a carload of lath consigned to the V. W. Long Lumber Company at Wilkes-Barre, Pennsylvania. The shipment was directed to be moved via a line of the Norfolk & Western Railway Company through Hagerstown, Maryland. On the day the shipment was made, plaintiff bought the lath, and in due time received the bill of lading. Defendant misrouted the car; and in consequence plaintiff suffered damages. February 14, 1921,—after the expiration of the two-year period prescribed for filing claims for damages,—plaintiff made complaint for reparation to the Interstate Commerce Commission against defendant and three connecting carriers. May 18, 1922, the commission made its report and order. The contention on the part of the carriers, that plaintiff's right expired before the passage of the Transportation Act, 1920, c. 91, 41 Stat. 456, and was not revived by § 206 (f), was overruled. The commission's order authorized and directed the defendant, on or before August 2, 1922, to pay $307.15 with interest to plaintiff as reparation for damages sustained in consequence of the misrouting. Defendant failed to pay the award, and this suit was brought, May 7, 1923. The complaint set forth the facts above

stated.   Defendant demurred on the ground, among
others, that § 206 (f), as construed and applied by the
commission, was unconstitutional; and that so to renew
or revive the cause of action, which had expired before
the passage of the Transportation Act, was to take defend-
ant's property without due process of law in contravention
of the Fifth Amendment.   The district court sustained the
demurrer and gave judgment for defendant.   The case
is here on writ of error.   § 238, Judicial Code.

Plaintiff's cause of action was created and limited by
the Interstate Commerce Act.   That act imposes upon
the initial and other carriers the duty to route and trans-
port freight in accordance with the shipper's instructions.
§ 15 (8).   And the carrier is liable to any person injured
for the full amount of damages sustained in consequence of
a breach of that duty.   § 8.   Any person claiming to be
damaged by any carrier may make complaint to the com-
mission.   §§ 9, 13.   "All complaints for the recovery of
damages shall be filed with the Commission within two
years from the time the cause of action accrues, and not
after . . ."   § 16 (3).   "The period of Federal con-
trol shall not be computed as a part of the periods of
limitation in actions against carriers or in claims for
reparation to the Commission for causes of action arising
prior to Federal control."   § 206 (f).   If, after hearing, the
commission shall determine that complainant is entitled
to damages under the act, it is required to make an order
directing the carrier to pay the amount so awarded on or
before a day named.   And, if the carrier fails to comply,
the person for whose benefit the order was made, within
one year from the date of the order, may file petition in
the United States district court, setting forth briefly the
causes for which he claims damages and the order of the
commission in the premises; and, subject to some pro-
visions which are not important here, the suit proceeds
like other suits for damages.   § 16 (2), (3).

Plaintiff's right to file his claim with the commission had expired several months before the passage of the Transportation Act. But, if the period of federal control is to be excluded, the complaint was filed within time. During the period between such expiration and the passage of the Transportation Act, plaintiff had no right to file a claim with the commission and had no cause of action. It is settled by the decisions of this court that the lapse of time not only barred the remedy but also destroyed the liability of defendant to plaintiff. *Phillips* v. *Grand Trunk Ry.*, 236 U. S. 662, 666; *Louisville Cement Co.* v. *Interstate Commerce Commission*, 246 U. S. 638, 642; *Kansas City Southern Ry.* v. *Wolf*, 261 U. S. 133, 139. On the expiration of the two-year period, it was as if liability had never existed. And this court applying the rule of construction that all statutes are to be considered prospective unless the language is express to the contrary or there is a necessary implication to that effect, recently has held that § 206 (f) does not apply to causes of action which were barred by a state statute of limitations before the passage of the Transportation Act. *Fullerton Company* v. *Northern Pacific*, 266 U. S. 435, 437.

Plaintiff suggests that the only period of limitations applicable to claims for reparation is that prescribed by § 16 (3), and argues that, as the period of federal control exceeded two years, § 206 (f) must be construed retrospectively or given no effect.

We need not re-examine the doctrine of *Campbell* v. *Holt*, 115 U. S. 620, as it is plain that case does not apply. That was an action on a contract for the recovery of money. By a state statute of limitations, the right of action had been barred. The statute was repealed before the action was commenced. It was held that the action could be maintained and that such repeal did not deprive the debtor of his property without due process of law in violation of the Fourteenth Amendment. The decision

rests on the conception that the obligation of the debtor to pay was not destroyed by lapse of time, and that the statute of limitations related to the remedy only, and that the removal of the bar was not unconstitutional. The opinion distinguishes the case from suits to recover real and personal property. That case belonged to the class where statutory provisions fixing the time within which suits must be brought to enforce an existing cause of action are held to apply to the remedy only. But such provisions sometimes constitute a part of the definition of a cause of action created by the same or another provision, and operate as a limitation upon liability. Such, for example, are statutory causes of action for death by wrongful act; *The Harrisburg,* 119 U. S. 199, 214; and those arising under the Federal Employers' Liability Act, c. 149, 35 Stat. 65. *Central Vermont Ry.* v. *White,* 238 U. S. 507, 511; *Atlantic Coast Line R. R.* v. *Burnette,* 239 U. S. 199, 201; *Kannellos* v. *Great Northern Ry. Co.,* 151 Minn. 157, 160; *Jones* v. *D. L. & W. R. R. Co.,* 96 N. J. L. 197. See also *Davis* v. *Mills,* 194 U. S. 451, 454. This case belongs to the latter class. Section 206 (f) will not be construed retroactively to create liability. To give it that effect would be to deprive defendant of its property without due process of law in contravention of the Fifth Amendment. Cf. *Levy* v. *Wardell,* 258 U. S. 542, 544; *Forbes Boat Line* v. *Board of Commissioners,* 258 U. S. 338, 340; *Union Pacific R. R.* v. *Laramie Stock Yards,* 231 U. S. 190, 200; *Winfree* v. *Northern Pacific Ry. Co.,* 227 U. S. 296, 301.

*Judgment affirmed.*