## UNITED STATES v. JOHN BARTH CO. et al.

Circuit Court of Appeals, Seventh Circuit. June 7, 1928.

On Petition for Rehearing, September 12, 1928.

No. 3885.

**1. Limitation of actions ⬤⟿165—Generally statutes of limitation bar only the remedy.**

Generally statutes of limitation bar only the remedy.

**2. Internal revenue ⬤⟿23—Surety's liability on bond conditioned to pay income and profits tax found held extinguished by extinguishment by limitations of tax liability before action on bond (Revenue Act 1918, § 214a, Comp. St. § 6336⅛g [a]; Revenue Acts 1918 and 1921, § 250 [d], Comp. St. § 6336⅛tt [d]; Act 1926, § 1106 [a]; 26 USCA § 1249).**

Surety's liability on bond given under Revenue Act 1918, '§ 214a (Comp. St. § 6336⅛g [a]), by taxpayer seeking abatement of unpaid portion of income and profits tax, which bond recited that, if principal shall, on notice and demand by collector, "duly pay any part of such tax found by the Commissioner to be due," with interest, obligation should be void, but otherwise to remain in effect, *held* extinguished by extinguishment of tax liability prior to action on bond by limitations of Revenue Acts 1918 and 1921, § 250 (d), Comp. St. § 6336⅛tt (d), and Act 1926, § 1106 (a), 26 USCA § 1249, in application of rule that surety's contract is strictly construed.

**3. Internal revenue ⬤⟿28(2)—Taxpayer's furnishing of bond pending determination of claim for abatement held not a waiver or tolling of limitations (Revenue Act 1918, § 214a, Comp. St. § 6336⅛g [a]; Revenue Acts 1918, 1921, § 250 [d], Comp. St. § 6336⅛tt [d]; Act 1926, § 1106 [a], 26 USCA § 1249).**

Under Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt (d) relating to tolling of limita-

tions, taxpayer, by furnishing bond under Revenue Act 1918, § 214a, Comp. St. §§ 6336⅛g (a), pending determination of claim for abatement of income and profits tax, *held* not of itself a waiver or tolling of limitation provisions of Revenue Acts 1918 and 1921, § 250 (d), Comp. St. § 6336⅛tt (d), and Act 1926, § 1106 (a), 26 USCA § 1249.

On Petition for Rehearing.

**4. Internal revenue ⬤⟿2(3)—Congress held without power to enact legislation re-creating liability for internal revenue previously extinguished by limitation statute (Revenue Act 1926, § 1106 (a); 26 USCA § 1249; Revenue Act 1928, § 612).**

Since Revenue Act 1926, § 1106 (a), 26 USCA § 1249, specifically extinguishes government's cause of action for income taxes, as well as operating to bar remedy after expiration of period of limitation, it was not within the power of Congress to enact legislation to re-create the liability thus extinguished, and Revenue Act 1928, § 612, repealing said section 1106 (a) as of date of its enactment, did not have that effect.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by the United States against the John Barth Company and another. Judgment for defendants, and the United States brings error. Affirmed.

Mabel Walker Willebrandt, Asst. Atty. Gen., for the United States.

Louis Quarles, of Milwaukee, Wis., and S. Sidney Stein, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff brought this action to recover $29,-442.42, together with interest thereon at 1 per cent. per month from June, 1919. Liability was traced to an agreement executed by defendants whereby they agreed "to pay any part of the tax found by the Commissioner to be due plaintiff from John Barth Company as income and profits tax." Defendants demurred to the complaint on the ground that the cause of action was barred by the statute of limitations, because more than five years elapsed between the date of the tax return and the determination by the Commissioner. The demurrer was sustained, and judgment for defendants followed.

The complaint alleges that the John Barth Company, hereinafter called the taxpayer, made its 1918 income tax return to the government, and was assessed thereon a tax aggregating $126,182.81, a part of which the taxpayer promptly paid; that thereafter

the taxpayer filed a claim in abatement with respect to the unpaid portion of the tax. It gave a bond, pursuant to section 214a, U. S. Act 1918 (Comp. St. § 6336⅛g [a]), executed by defendant, United States Fidelity & Guaranty Company.

This action is upon the bond.

Recited in the bond are the filing of the taxpayer's income-tax return, its subsequent filing of a claim in abatement based upon an asserted loss, the execution of the bond pursuant to sections 214 (a) and 234 (a) of the Revenue Act of 1918 (Comp. St. §§ 6336⅛ g [a], 6336⅛pp [a]), in order that payment of the tax be deferred until the claim in abatement be decided.

The obligation reads: "Now, therefore, the condition of the foregoing obligation is such that if the principal shall, on notice and demand by the collector, duly pay any part of such tax found by the commissioner to be due, with interest, at the rate of 12 % per annum * * * then this obligation is to be void but otherwise to remain in full force and effect."

On March 25, 1926, the Commissioner of Internal Revenue, passed upon the claim in abatement and determined that there was due from the taxpayer for income and profits tax for the year in question, the sum of $29,842.42. Demand for payment was made on the taxpayer and the surety company. Payment was refused. This action was thereupon commenced.

Pertinent sections of the statutes are set forth in the margin.[1]

Plaintiff seeks to distinguish between an action to recover a tax and one based upon a surety agreement wherein the signers agreed to pay a sum represented by the tax. It admits its action to collect the tax as such has been barred by the statute of limitations. Its reliance is therefore, solely upon the written obligation of defendants to pay the amount ultimately fixed by the Commissioner.

In short, its position is that the taxpayer had the alternative of paying the amount assessed against it or of giving a bond to secure plaintiff while its abatement claim was pending before the Commissioner. Having elected to give the bond, an additional cause of action accrued to the government. Stated differently, the government, upon its receipt and acceptance of the bond, became possessed of two remedies. It could enforce the collection of the tax in the manner provided by law when the amount thereof was determined, or it could sue upon the bond. Having two separate and distinct causes of ac-

---

[1] Section 250 (d) of the Act of 1918:

"Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due." Comp. St. § 6336⅛tt(d).

Section 250 (d) of the Act of 1921:

"The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909,

shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act." Comp. St. § 6336⅛tt(d).

Section 1106 (a) of the Act of 1926:

"The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax." 26 USCA § 1249.

Section 234 (a) of the Act of 1918:

"In such case payment of the amount of the tax covered by such claim shall not be required until the claim is decided, but the taxpayer shall accompany his claim with a bond in double the amount of the tax covered by the claim, with sureties satisfactory to the Commissioner, conditioned for the payment of any part of such tax found to be due, with interest. If any part of such claim is disallowed then the remainder of the tax due shall on notice and demand by the collector be paid by the taxpayer with interest at the rate of 1 per centum per month from the time the tax would have been due had no such claim been filed." Comp. St. §§ 6336⅛pp(a) (14).

tion, each was subject to the application of its appropriate statute of limitations.

Defendants do not dispute the creation of an additional cause of action which arose upon the execution of the surety agreement. They contend, however, that the statute, sections 250 (d), Act of 1918, and 250 (d), Act of 1921, not only places a time limit on plaintiff's remedy but section 1106 (a), Act of ·1926, extinguishes the liability itself.

It further insists that the agreement (the basis of the second cause of action accruing to the government) must be the sole measure of liability of those who executed it. In the instant case this agreement was merely to pay a tax, and when the tax was extinguished (not merely barred) all liability thereunder was terminated.

The courts that have passed upon this question are not in accord. Some District Courts have held (decisions not reported) that the obligation of the taxpayer and the surety arising out of the execution of the agreement was to pay *a sum of money* which the Commissioner should ultimately find due as a tax. Other courts hold that, the obligation, being one to pay a *tax,* is as fully met by the extinguishment of the tax as by its payment by the taxpayer.

[1] In general, it may be said that statutes of limitation bar only the remedy. But the different statutory enactments on the subject of time limitations upon the determination and assessment of income taxes culminating in the Act of 1926, indicate an intent not merely to bar the remedy but to extinguish entirely all liability for the tax, where its determination and assessment is not made within five years after filing the return.

Congress evidently sought to cure, so far. as possible, the evil of long delay in determining the amount of the tax with its consequent embarrassment to taxpayers and the huge penalties upon taxes determined after much delay.

[2] Our conclusion respecting this doubtful question is that the liability under the agreement must be strictly measured by its words. Inasmuch as the parties agreed to pay "any part of such *tax* found by the Commissioner to be due" there was no obligation to pay what had been *extinguished* prior to the commencement of this action.

This distinction may at first seem to be a refined one, but it is predicated upon the rule that the surety is justified in construing his contract strictly.

That the parties might have agreed to pay a sum of money rather than a tax cannot be questioned. Likewise they had the option of submitting an agreement where the liability was limited to the payment of a *tax.* In the agreement under consideration, defendants agreed merely to pay the tax. The tax having been extinguished, the government cannot enlarge by construction of words, or otherwise, the obligation of the parties.

[3] The government further contends that the filing of the bond was, in and of itself, a waiver or a tolling of the limitation provision of the statute. This contention would be more persuasive were it not for the provision of the act, section 250 . (d), Act of 1921, which reads:

"Unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax," etc.

This express provision covering the tolling of the statute of limitations, excludes the possibility of implied waivers. "Expressio unius est exclusio alterius."·

The judgment is affirmed.

On Petition for Rehearing.

[4] In support of its petition for rehearing, plaintiff in error calls our attention to section 612 of the Internal Revenue Act of 1928 (Act May 29, 1928, c. 852), which repeals section 1106 (a) of the Revenue Act of 1926, as of the date of its enactment.

The 1928 act was enacted subsequent to the oral argument and, of course, subsequent to the judgment which fixed the rights of the parties, and it was not considered by counsel or court. The argument is now made by plaintiff in error that this repeal wiped out the taxpayer's only defense. The validity of such legislation is maintained on the ground that it is a purely limitation statute, dealing only with the remedy.

In our opinion, section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249) was something more than a limitation statute. It not only operated to bar the remedy but specifically extinguished the cause of action. Such being the character and effect of this statute, it was not within the power of Congress to enact legislation to recreate the liability thus extinguished. William Danzer & Co., Inc., v. Gulf & Ship Island Railroad Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126; 17 R. C. L. 674.

The petition for rehearing is denied.