**MASCOT OIL CO., Inc., v. UNITED STATES.**
No. K–67.

Court of Claims.
Feb. 17, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (McClure Kelley, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and GRAHAM, Judges.

GREEN, Judge.

This action is begun to recover taxes which had been paid after the period of limitations had run against their collection. Counsel for plaintiff supports its case by the same line of argument that was presented to this court in Oak Worsted Mills v. United States, No. J–180, decided December 2, 1929, 36 F.(2d) 529, and Gotham Can Co. v. United States, No. J–255, decided January 20, 1930, 37 F.(2d) 793, in both instances adversely to the plaintiffs therein. In the Oak Worsted Mills Case, supra, we held that sections 607 and 611 of the Act of 1928 (26 USCA §§ 2607, 2611) prevented a recovery. In the Gotham Can Co. Case, supra, we held that section 1106 (a) of the Act of 1926 (26 USCA § 1249, note) was of no benefit to the plaintiff where the taxes in question had been collected prior to the time when the revenue bill of 1926 went into effect, unless it was shown that the taxes were overpaid. It was expressly stated, however, in that decision, that the court did not pass on the effect of the provision in the revenue bill of 1928 which repealed section 1106 (a) of the Act of 1926 as of the date of its enactment. In the case at bar, it appears that the taxes in controversy were collected after the 1926 act went into force. The decision in the Gotham Can Co. Case is therefore not controlling herein. But we do not find it necessary to determine the question left open by the Gotham Can Co. Case, for the reason that the defendant sets up an entirely new and different defense from anything pleaded in the two cases cited above and insists that the facts shown in support of this defense are sufficient by themselves and alone to warrant a judgment in its favor. These facts will next be considered.

The evidence shows that the plaintiff had made a deposit in a bank as a guaranty of the payment of the taxes in controversy, by virtue of which the bank stated that it would pay the amount of such taxes upon final determination, and that thereafter, when such taxes were finally determined, the plaintiff paid the amount thereof and obtained a release of the deposit. The defendant contends that the principles laid down in the case of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743, in any event prevent the plaintiff from recovering the fund in controversy. In that case the government brought a suit to enforce a bond given by the defendant and its surety for the payment of taxes, and the defense was made that the collection of the taxes was barred by the statute of limitations. The court said that neither the statute of limitations nor section 1106 (a) of the Revenue Act of 1926 applied to an action upon a bond, and that the taxpayer was not relieved from his obligation arising out of that instrument. The court further said that " * * * the taxpayer was permitted by a bond temporarily to postpone the collection and to substitute for his tax liability his contract under the bond. The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government."

Judgment was accordingly rendered against the taxpayer. In the case at bar, while the stipulation of the parties does not specifically refer to the purpose of making the deposit in the bank, it could have been for no other purpose but to obtain time while consideration was being given to plaintiff's claim in abatement. This is further shown by the fact that plaintiff, at the same time the deposit was made, executed in conjunction with the Commissioner a waiver of the statute of limitation with reference to the collection of the tax in controversy. Whether this waiver was effective, we need not consider. By the subsequent payment of the tax, the plaintiff obtained a release of the deposit made in the bank. The original arrangement for the deposit as guaranty, and the subsequent release of the deposit on payment of the tax, constituted, as we think, consideration for the payment so made, and are sufficient to prevent the plaintiff from recovering. In our view, the plaintiff merely complied with the provisions of its contract in guaranteeing the payment of the taxes in controversy, and had no right or interest in the money after it had been so paid.

988

Without considering the other questions arising in the case, we hold that the plaintiff is not entitled to recover herein and it is ordered that its petition be dismissed.

BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GRAHAM, Judges, concur.