WYMAN, PARTRIDGE & CO. v. UNITED STATES.

No. J–352.

Court of Claims.
June 2, 1930.

Frank J. Albus, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (J. H. Pigg, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

Additional income and excess profits taxes were assessed against the plaintiff for the fiscal year of 1918 and collected together with interest thereon after the period of limitations had expired. Plaintiff now brings this suit to recover the amount so paid.

The plaintiff relies on section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249 note), the provisions of which will hereinafter be set out. The defendant cites the cases of Oak Worsted Mills v. United States, 68 Ct. Cl. 539, and Gotham Can Co. v. United States, 68 Ct. Cl. 749, as authorities in its favor, and claims that under the rules laid down therein it is entitled to judgment. Counsel for plaintiff insists that the decisions in these cases are erroneous. We do not agree with either of these contentions for reasons that follow.

The instant case is similar to the two cases cited above in some respects. There was an additional tax assessed within the period of limitations as fixed by the second waiver, a plea in abatement filed by the taxpayer, proceedings were stayed until the plea in abatement could be considered, and upon consideration the tax was in part abated and in part confirmed after the statute of limitations had run. Thereafter demand was made for the payment of the unabated portion, which the plaintiff paid under protest with ·interest thereon, and shortly after filed a claim for refund of the amount so paid.

There is, however, an important difference in the facts in the instant case which renders it necessary for us to review the decisions in the Oak Worsted Mills Case, supra, and the Gotham Can Case, supra, and see whether or not they are in fact controlling. The payment of the tax in controversy was made August 17, 1926, after the passage of the 1926 Revenue Act and while it was still in force. This presents a different situation than that shown by the facts in the Oak Worsted Mills Case and the Gotham Can Case, for in both the tax was collected prior to the passage of the Revenue Act of 1926. In Mascot Oil Co. v. United States (Ct. Cl.) 37 F.(2d) 986, decided February 17, 1930, a case in which the taxes were collected after the expiration of the period of limitations and after the passage of the 1926 act, we called attention to the fact that the Gotham Can Case was not controlling, but did not pass on the effect of section 1106 (a) of the 1926 act by reason of other facts in the case which we deemed did not make such a decision necessary. The

opinion in the Mascot Oil Co. Case, supra, has been withdrawn and a new opinion this day rendered upon the amended findings in order that a matter not discussed in the original opinion might be given attention, but the second opinion uses the same language with reference to the point above referred to, and the judgment is the same as before.

In the Oak Worsted Mills Case the question of the effect of section 1106(a) of the act of 1926 (26 USCA § 1249 note) was not presented in argument or discussed in the opinion. It is true that it was contended therein that the plaintiff had a vested right in the money which it sought to have refunded, but it was argued that this right accrued by reason of the limitation placed upon the time within which it could be collected, and we held that no vested right accrued to the taxpayer by reason of the running of the period of limitations for the collection of a valid tax. The chief contention made by counsel for plaintiff in the instant case is that plaintiff has obtained a vested right, but the claim now is that this right was obtained through section 1106(a), to which reference has been made above.

In the Gotham Can decision we had occasion to discuss the application of section 1106 (a) to the facts in that particular case, which, however, as we have before noted, were different from those of the case at bar. In the opinion in the Gotham Can Case we quoted from section 1106(a) of the act of 1926 the following: "The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability. * * *"

It is contended now, as it was in the case last cited, that this provision created a vested right in plaintiff of which it could not be deprived without due process of law and without just compensation. In the Gotham Can Case we called attention to the fact that this provision was separated only by a semicolon from a qualifying clause reading as follows: "But no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax."

This, we said, was a qualifying clause which must be construed together and in connection with the clause first quoted and we further stated: "By the first clause it was intended to extinguish the liability and prevent collection of any tax barred by the statute of limitations, but under the second clause of the section it was made clear that if the tax had been collected after the limitation period but prior to the passage of the revenue act of 1926, only the amount collected in excess of the correct tax for the year could be recovered. If it is not so construed, the words of the second clause are obviously of no use whatever in any case."

And we further pointed out that it was our duty in construing the act to give these words some meaning if it could consistently be done. While some other language is used in the opinion, which standing by itself might be considered to have general application, it was intended that it should apply only to the particular facts in that case, and we think it is apparent that the chief point involved in the case at bar was not involved in the Gotham Can Case. This will become more evident when we consider the difference which is made when we apply the statute to the facts in the instant case as distinguished from those in the two cases cited.

In the Oak Worsted Mills Case and the Gotham Can Case, the tax, being collected before the enactment of section 1106(a) of the act of 1926, was still a liability of the taxpayer, although the statute of limitations had run against the remedy provided for its collection. The payment of the tax having been made upon this liability and before it was extinguished, the taxpayer had not "overpaid the tax" and in such cases section 1106 (a) provided that "no credit or refund * * * shall be allowed." But in the instant case, by force of the same statute, the liability had been entirely extinguished when the payment was collected. Necessarily "the taxpayer has (had) overpaid the tax" for there was no tax owing at the time and no liability existed when the money was collected. The collector or Commissioner, therefore, took money which was not owing to the United States and for that reason could not belong to it after it had been received. After it had been paid it was still the rightful property of the taxpayer. It is plain, therefore, that the question of whether a vested right had been acquired is quite different from what it was in the Gotham Can Case, nor does it depend upon the statute of limitations as it did in the Oak Worsted Mills Case. The statute, when applied to the facts in the instant case, did not merely put a limitation on the collection of the tax, but it completely extinguished the liability, and this was done before the tax was collected. Under such circumstances we think the plaintiff obtained a vested right which could not be taken away by the subsequent repeal of sec-

tion 1106(a) as of the day upon which it was enacted.

Although the decisions in the Oak Worsted Mills Case and the Gotham Can Case are only applicable to cases where the taxes were collected after the expiration of the period of limitations but before the enactment of section 1106(a) of the 1926 act, it has become necessary to review them at length. Unless our construction of section 1106(a), as applied to cases where the taxes were paid after the enactment of this statute fits logically and harmoniously with the construction we have heretofore given it, obviously it cannot stand.

Keeping this in mind, some further considerations supporting the rules laid down in the cases cited and in the case at bar can be added to support the statutory construction which has been given to section 1106(a), and we find there is an important matter which seems hitherto to have been overlooked. While the existence of conditions precedent are necessary in order that section 1106(a) may become applicable and these conditions are stated therein, section 1106(a) is not by its terms retroactive, and, in the very nature of the subject matter to which it is applicable, it cannot be. Where prior to the passage of the 1926 act the payment had been made of a tax which was a liability although the remedy had been barred, the money so paid became the property of the United States; the transaction was closed; there remained neither debtor nor creditor. In such cases the liability for the tax was extinguished before the enactment of section 1106(a) by the collection thereof. Manifestly, the provision of section 1106(a) with reference to extinguishing the liability of the taxpayer did not and could not apply to cases in which no liability existed by reason of the whole matter being settled and closed. Section 1106(a) therefore does not change the situation of the taxpayer as to taxes collected before its enactment. Congress, of course, might have given the taxpayer the right to recover any taxes which he had paid after the period of limitations had expired for the collection of the tax, for Congress can create a claim against the United States where none exists under the law as it stands; but in order to do this a very different provision from section 1106(a) would have been required directly authorizing the person paying the tax, or from whom the tax had been collected, to sue the government and recover back the amount paid. But this was not done, and we think it is quite manifest that Congress not only did not make the statute retroactive, but had no intention of so doing.

It has been suggested that the construction which we have given to section 1106(a) deprives this section of any force whatever, because the taxpayer could always recover any overpayment, providing, of course, that he duly filed a claim for refund. The statement that we have made above shows the error of such a conclusion, for we apply section 1106(a) to cases that arose after it was enacted. In the Gotham Can Case the tax was collected before the passage of section 1106(a), and we applied the second clause of that section as preventing suits to recover taxes collected before its enactment. This situation distinguishes the Gotham Can Case from the case at bar.

While some have criticized the language of this section as not being clear, we think its meaning and purpose are plain. It was intended as a statute of repose. It had no application to what had been done prior to its enactment, but it warned the public officials that after it was enacted the exaction of a payment upon a tax as to which the statute of limitations had run was taking money from the taxpayer without any liability on its part existing, or, in short, a collection made where there was no debt. This construction appears to us to be a reasonable one from every point of view. There was no intention of making the statute retroactive and thus upsetting what had already been done, but it was intended that further collection of taxes after the period of limitations had run should stop. This would prevent further litigation and come nearer doing abstract justice than any other line of procedure that could have been provided.

Section 1106(a) of the 1926 act was repealed as of the date of its enactment by the 1928 Revenue Act but the rights of the plaintiff having become vested they were not affected by this repeal. See William Danzer & Co. v. Gulf R. R., 268 U. S. 633, 637, 45 S. Ct. 612, 69 L. Ed. 1126, and the contention of the plaintiff on this point must be sustained.

One other question remains to be decided. Section 607 of the Revenue Act of 1928 (26 USCA § 2607) provided that a tax paid after the expiration of the period of limitations should be considered an overpayment, and section 611 of the same act (26 USCA § 2611) qualified section 607 providing that, where a tax was assessed within the period of limitations, a plea in abatement filed, and collection stayed, the payment of the tax be-

fore or within one year after the act went into force "shall not be considered as an overpayment under the provisions of section 607."

As before stated, we held in the Oak Worsted Mills Case and the Gotham Can Case that, where the tax had been assessed within the period provided by the statute, a plea in abatement filed, and the collection of the tax stayed, section 611 applied, and there could be no recovery of the tax paid unless it was an actual overpayment. But these decisions applied only to cases where the tax had been collected prior to the enactment of the 1926 statute. In a case like the one at bar, where the rights of the plaintiff had vested before the enactment of the 1928 act, the enactment of section 611 of that act had no more effect on plaintiff's rights than the repeal of section 1106(a) of the 1926 act.

In accordance with these conclusions judgment will be entered in favor of the plaintiff for the amount prayed in its petition, to wit, $45,197.74, with interest at the rate of 6 per cent. per annum from August 17, 1926, until paid. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, Judge, concur.

LITTLETON, Judge (concurring).

I concur in the result reached in the majority opinion, and I agree that section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249 note) is not retroactive.

The officials of the Treasury Department collected the amount which plaintiff seeks to recover, as a tax imposed by the Revenue Act of 1918 for the fiscal year ended November 30, 1918, and as interest.

The defendant now insists that the retroactive repeal of section 1106(a) of the Revenue Act of 1926 by section 612 of the Revenue Act of 1928 (45 Stat. 875) and the enactment of section 611 of the latter act (26 USCA § 2611) revived the tax originally imposed by the 1918 act (40 Stat. 1057). It is not controverted that the amount collected, other than the interest, which was assessed in May, 1920, was then due as a tax imposed by the Revenue Act of 1918.

The plaintiff insists that section 611 of the Revenue Act of 1928 (26 USCA § 2611) cannot bar the recovery of the amount paid, for the reason that this section is unconstitutional and void, in that it deprives it of a vested right which could not be taken away by subsequent legislation of Congress. The assessment in May, 1924, was a jeopardy as-

sessment made without compliance with the provisions of law entitling the taxpayer to a hearing. This entitled plaintiff to file a claim for abatement, which was done, and no bond was required by the collector. The statutory period of limitation within which a tax for the fiscal year 1918 could be collected from plaintiff expired under the statute and the consents entered into between the plaintiff and the Commissioner on December 31, 1925, at which time the tax had not been collected, and the Commissioner of Internal Revenue had made no decision of the claim for abatement. The Commissioner rendered his decision on April 21, 1926. Collection was not made until August 17, 1926.

By the provisions of section 1106(a) of the 1926 act (26 USCA § 1249 note), which became effective February 26, 1926, the plaintiff's liability for the tax was extinguished, and there was, therefore, no authority in law after December 31, 1925, for the collection of any amount from the plaintiff as a tax for the fiscal year ended November 30, 1918. The evident purpose of the retroactive repeal of 1106(a) of the 1926 act and the enactment of sections 607 and 611 of the 1928 act (26 USCA §§ 2607, 2611) was to restore the system for the assessment and collection of taxes to what it was on February 26, 1926, when section 1106(a) of the Revenue Act of 1926 extinguished the liability for any tax which was barred and had not been collected prior to that date and for a tax which should thereafter become barred, and provided for the refund only of the excess over the correct tax liability in respect of a tax which had been collected after the statutory period of limitation, but before the passage of that act, with the added provision contained in section 611 (act of 1928) which was retroactive authorizing the retention by the government of a tax collected after the expiration of the statutory period of limitation for collection, if the amount so collected was assessed prior to June 2, 1924, and within the period of limitation provided by law, if the collection was stayed beyond the period of limitation by the filing of a claim in abatement.

I am of opinion, however, that none of the provisions of the Revenue Act of 1928 accomplished the result of reviving the liability in respect of a tax which became barred between February 26, 1926, and May 28, 1928, even if it be assumed that Congress had constitutional authority under its broad powers to lay and collect taxes, retroactively to recreate a liability for a tax which had been imposed by prior revenue acts and which tax

became barred between these dates and the liability for which had been extinguished by section 1106(a) of the 1926 act. Taxes are not imposed by implication and we may not hold that a liability for a tax once imposed, but extinguished, is revived or reimposed by a retroactive repeal of the statute which extinguished the liability. Prior to the enactment of section 12 of the Revised Statutes, now section 28, U. S. Code, Title 1 (1 USCA § 28) the repeal of an act which repealed a former act operated to revive such former act. United States v. Philbrick, 120 U. S. 54, 7 S. Ct. 413, 30 L. Ed. 559. And, while the provisions of section 1106(a) extinguishing the liability for a tax barred by the statute of limitation was not an act expressly repealing the Revenue Act of 1918, in effect a tax imposed by the act of 1918 and barred by the statute of limitation was abrogated and annulled by the new and substantive provision of this section as completely as if express words repealing the imposition of such tax had been used, and no language can be found in any of the provisions of the Revenue Act of 1928 reimposing the tax or recreating the liability therefor which had been extinguished by section 1106(a) of the 1926 act. Section 612 of the Revenue Act of 1928 (45 Stat. 875) retroactively repealing section 1106(a) of the 1926 act cannot be construed as reviving the liability for the tax imposed by the Revenue Act of 1918. Nor can section 611 of the 1928 act (26 USCA § 2611) be of any help to the defendant in this regard, for it only authorizes the government to retain the amount of *any tax* assessed and paid after the statute of limitation, or assessed before and paid after the limitation period. At the time the amount here in question was collected from the plaintiff there was no *tax* in existence which could have been stayed by the abatement claim. It seems to me, therefore, that the provisions of section 611 can only be applied to those cases where the tax was collected after the expiration of the statute of limitation, but prior to the enactment of the Revenue Act of 1926, and the collection of tax as to which the statute of limitation expired before collection on a date subsequent to the enactment of the Revenue Act of 1928. So far as concerns the taxpayer's right to recover the amount of a tax collected after the expiration of the statute of limitation, the first clause of section 1106(a) of the 1926 act extinguishing the liability gave the taxpayer no greater right than what he had before, because, if he were compelled to pay a tax that was barred by limitation, he could recover it.

Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. But, as substantive law, the provisions of section 1106(a) extinguishing the liability had a different and greater effect upon the right of the government to retain an amount collected while there was no liability for it as a result of the repeal of the statute which extinguished the liability of the taxpayer. Dobbins v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 935; Erie Coal & Coke Co. v. Heiner (D. C.) 33 F.(2d) 135; A. T. Wettengel v. Robinson et al., Trustees, 150 A. 658, decided by the Supreme Court of Pennsylvania May 12, 1930. Para. 1084, P. H. Fed. Tax Service, 1930, vol. 1.

I am of opinion, therefore, that plaintiff is entitled to recover because its liability for any amount was extinguished before the amount in question was collected, and such liability has not been revived.

I do not deem it necessary to pass upon the constitutionality of the provisions of the 1928 act. I am not prepared to agree that the extinguishment of a liability for a tax, which is a debt due the sovereign, creates such a vested or property right as was beyond the control of Congress. The obligation to pay taxes rests not upon the privileges enjoyed or the protection given to a citizen but upon necessity of money for the support of the government, but the citizen receives compensation therefor in privileges and protection. A tax is a demand of sovereignty. In Loan Association v. Topeka, 20 Wall. 655, 663, 22 L. Ed. 455, the court said: "Given a purpose or object for which taxation may be lawfully used and the extent of its exercise is in its very nature unlimited. It is true that express limitation on the amount of tax to be levied or the things to be taxed may be imposed by constitution or statute, but in most instances for which taxes are levied, as the support of government, the prosecution of war, the National defence, any limitation is unsafe. The entire resources of the people should in some instances be at the disposal of the government. The power to tax is, therefore, the strongest, the most pervading of all the powers of government, reaching directly or indirectly to all classes of the people."

There are many considerations which would enter into the question of the authority of Congress to recreate a liability to the government for a tax that has been extinguished. A tax that is due is a debt due the sovereign, and the ordinary statute of limitation relates only to the remedy, and the repeal of the limitation provision, even after

the debt has become barred, does not deprive the citizen of his property without due process of law in violation of the Fifth Amendment. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; Wm. Danzer & Co., Inc., v. Gulf & Ship Island R. R. Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126. Is the situation any different where a citizen is indebted to the government for a valid tax, the liability for payment of which he is relieved, and shortly thereafter Congress decides to recreate the liability and remove the bar of the statute? The sovereign is not bound by the statute of limitation except by its consent, and in respect of taxes it would seem that, although the tax had become barred, Congress could have repealed the statute of limitation and thereby revived the right of the Government to collect. Campbell v. Holt, supra. May not Congress, also, even though the liability for a tax as to which the statute has run has been extinguished, repeal the limitation statute and the statute extinguishing the liability for the tax and by appropriate legislation recreate the liability? It would seem that the only objection that could be raised to such action would be the power of Congress retroactively to recreate a liability for a tax that, beyond question, had once been lawfully imposed. Cf. City of Seattle v. Kelleher, 195 U. S. 351, 25 S. Ct. 44, 49 L. Ed. 232; United States v. Heinszen & Co., 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596; Rafferty v. Smith, Bell & Co., Ltd., 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208. If Congress has authority retroactively to impose a tax and thereby create a debt for the tax to the sovereign in the first instance, has it not equal authority to reimpose and revive a tax that has been abrogated by a statute of limitation that relieved the taxpayer from liability? The case of Wm. Danzer & Co., Inc. v. Gulf & Ship Island R. R. Co., supra, was a suit for damages between private persons, and the court held that to construe section 206(f) of the Transportation Act (49 USCA § 74), suspending the statute of limitations during federal control of railroads, retroactively, so as to create a liability that was barred at the time of its enactment, would be to deprive the railroad company of its property without due process of law in violation of the Fifth Amendment. That case is not necessarily authority for the proposition that the same rule would apply to the sovereign power of taxation.