**PARAMINO LUMBER CO. et al. v. MARSHALL, Deputy Com'r, et al.**

**Nos. 47 and 48.**

District Court, W. D. Washington, N. D. May 10, 1939.

---

[1] No opinion for publication.

824

Bogle, Bogle & Gates and Stanley Long, all of Seattle, Wash., for libelants.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for respondent Marshall.

Oscar A. Zabel, of Seattle, Wash., for respondent Clark.

Before HEALY, Circuit Judge, and CUSHMAN and BOWEN, District Judges.

BOWEN, District Judge.

Much of what is stated in the following quotations was said with reference to state statutes, but the principles stated apply equally to Acts of Congress.

"A presumption in favor of constitutionality is raised by the mere fact of the enactment of a statute by the legislature; and the burden of showing that it is unconstitutional is on the party asserting it. * * *" 12 C.J. 791-794. "As to the degree and extent of this presumption, the rule, as variously stated, is that every reasonable presumption will be made in favor of the validity of a statute; * * * and also that doubt, a fair doubt, a serious doubt, any, and all, doubts, and every rea-

sonable doubt as to the constitutionality of a statute will be resolved in favor of its validity; * * *." 12 C.J. 794-795. "* * * Other statements are that, where doubt exists whether there is a conflict between the statute and the constitution, the statute must prevail, and that the statute must be upheld unless its invalidity appears beyond all doubt, * * *." 12 C.J. 798.

In Williams v. Norris, 25 U.S. 117, 124, 12 Wheat. 117, 6 L.Ed. 571, one question was which one of two persons had the paramount title in certain lands. Norris claimed that his title was perfected by proceedings under a statute of the state of Tennessee entitled " 'an act for the relief of Ezekiel Norris' ", which provided: " 'Be it enacted,' etc., 'that the commissioner of West Tennessee be, and he is hereby authorized to issue to Ezekiel Norris, certificates or warrants to the amount of 2,280 acres, being the amount of two entries, No. 2046 for 1000 acres, and No. 2047 for 1280 acres, on which no warrants or grants were issued; provided that the said Ezekiel Norris shall produce sufficient evidence to the said commissioner that the consideration for said entries was paid, and that no warrant or grant ever issued on said entries.' "

Williams contended that statute was unconstitutional, but the court overruled that contention and at pages 127, 128 of 12 Wheat., 6 L.Ed. 571, by Marshall, C. J., said: "What difference is there, so far as respects its constitutionality, between the act passed in his [Norris'] particular case, and the act containing a general reference of all cases of the same description to the commissioner? * * * There are, undoubtedly, great and solid objections to legislation for particular cases. But these objections do not necessarily make such legislation repugnant to the constitution of the United States."

That old case of Williams v. Norris, supra, decided in 1827, may be somewhat involved on the facts, but it is clear that in that case Chief Justice Marshall overruled the constitutional objection to a private act of a state legislature for the perfection of one man's title to land against the adverse claims of another man, and held in effect that the fact that legislation is for the private relief of one man in his relationship with another does "not necessarily make such legislation repugnant to the constitution of the United States". Counsel have not cited and the writer of this opinion is not advised of any later Supreme Court case overruling that judgment of Marshall. That situation, until unmistakably cleared up by later Supreme Court decision, renders this three-judge District Court unable to rule without doubt that the Private Act of Congress for the relief of John T. Clark here assailed is unconstitutional. Since its invalidity is not so free from doubt as to overcome the presumption of its validity, the Private Act must be upheld by this court.

The exceptions to the libels will be sustained. An order or orders carrying the foregoing ruling into effect may be settled upon notice or stipulation.

CUSHMAN, District Judge, concurs.

HEALY, Circuit Judge (dissenting).

I regret my inability to agree with my associates, but the invalidity of the private act does not seem to me doubtful.

The beneficiary of the act, Clark, was injured in January, 1931 while in the employ of the libellant Paramino Lumber Company. A claim for compensation was filed by Clark. Upon hearing before the deputy commissioner in August, 1931, an award of compensation was made in which it was determined that the claimant had been wholly disabled from the time of the injury to July 5, 1931, but had recovered from his injury and disability on the latter date. The employer and the insurance carrier paid compensation for the period of disability, pursuant to the order. Under the terms of the Longshoremen's Act (Sec. 21 (a), 33 U.S.C.A. § 921 (a), the compensation order became final at the expiration of thirty days thereafter, there having been no proceeding to suspend or set it aside.

So far as material here, Sec. 22 of the Longshoremen's Act, in effect then as now, provides that upon his own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of mistake in a determination of fact, the deputy commissioner may review a compensation case, at any time prior to one year after the date of the last payment of compensation, and may issue a new compensation order continuing, reinstating or increasing compensation. No review was had of the case as permitted by this provision. On April 10, 1936 Congress passed the private act in question. The original order confessedly involved no

826

fraud, and it is conceded that the award now sought to be enjoined was made solely under authority of the special act.

There are doubtless many instances in which injured longshoremen have found themselves in the unfortunate plight of Mr. Clark. Compare, for example, the facts in Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667. I cannot but believe that the private act, singling out as it does the libellants for the imposition of a burden not imposed by Congress on others in like situation, impinges on their constitutional rights guaranteed by the due process clause of the Fifth Amendment. The arbitrary nature of the act is unrelieved by any asserted distinction which might serve to differentiate the obligation of these parties from that of other employers or insurance carriers in like circumstances. What Congress has done is to authorize an award of money for the relief of a private individual, payable not out of the public treasury, but out of the pockets of other private parties guilty of no fault. The statute involved in Williams v. Norris, 25 U.S. 117, 12 Wheat. 117, 6 L.Ed. 571, appears to have been purely remedial, and I see nothing in that decision which would support this legislation.

I think the statute is invalid on grounds apart from the frailties just discussed. It purports to extend or remove the time limits imposed by Secs. 21 and 22 of the Longshoremen's Act, and is applicable only in a case where these time limits had already expired. In Danzer & Co. v. Gulf & Ship Island Railroad Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126, the court dealt with a parallel situation. It was there pointed out that the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., created a cause of action against the carrier (in that case the right to damages for misrouting) and at the same time operated as a limitation upon liability. It was held that in the case of such statutory causes of action the lapse of the time limit not only bars the remedy but destroys the liability; and to give the statute a retroactive effect would be to deprive the carrier of its property without due process of law in contravention of the Fifth Amendment.

Similarly, the Longshoremen's Act (Sec. 4, 33 U.S.C.A. § 904), creates a cause of action for compensation, irrespective of fault. It also limits the time within which an award of additional compensation may be made by the deputy commissioner. This period had expired prior to the enactment of the private act here in question. As of the latter date liability no longer existed. Thus the act not only supplies a remedy but necessarily imports the creation of a new liability.

It would seem that the principle of the Danzer case is equally applicable to general and to private statutes, however free from other infirmities the latter may be.

I think the restraining order heretofore granted should be made permanent.