480 So.2d 313 (1986)
David GRIFFIN, et al.
v.
SUCCESSION OF Velma King BRANCH Through Johnny SMITH, Executor.
No. 84-C-1398.
Supreme Court of Louisiana.
January 9, 1986.
For majority opinion see: 479 So.2d 324.
DENNIS, Justice, dissenting.
I respectfully dissent because (1) the plaintiffs' rights have been extinguished by peremption and (2) the opinion of the court disregards legislated law and adopts an unsound rule.

1. Peremption
After this case was briefed, argued and submitted, it appeared that the rights which the plaintiffs had under Act 549 to establish their alleged filiation to David Branch were extinguished upon the expiration of a peremptive period. For the following reasons, I believe that we should affirm the judgments below dismissing plaintiffs' suit without reaching the question which caused us to grant certiorari.
Civil Code article 209, as amended by Act 549 of 1980, and as in effect on the date of the death of David Branch on December 7, 1980, provided:

* * * * * *
Art. 209. Methods of proving filiation.
1. An illegitimate child may be entitled to a rebuttable presumption of filiation under the provisions of this Article. Or any child may establish filiation, regardless of the circumstances of conception, by a civil proceeding instituted by the child or on his behalf in the parish of his birth, or other proper venue as provided by law, within the time limitation prescribed in this Article.
* * * * * *

*314 5. Proof of filiation must be made by evidence of events, conduct, or other information which occurred during the lifetime of the alleged parent. A civil proceeding to establish filiation must be brought within six months after the death of the alleged parent, or within nineteen years of the illegitimate child's birth, whichever occurs first. If an illegitimate child is born posthumously, a civil proceeding to establish filiation must be instituted within six months of its birth, unless there is a presumption of filiation as set forth in Section 2 above. If no proceeding is timely instituted, the claim of an illegitimate child or on its behalf to rights in the succession of the alleged parent shall be forever barred. The time limitation provided in this Article shall run against all persons, including minors and interdicts.

* * * * * *
Plaintiffs' birthdates are as follows: Thelma White, March 6, 1956; David and Daisy Griffin, August 26, 1957; John Felix Griffin, February 26, 1962. Section 4 of Act 549 of 1980 provided that "[a]ny illegitimate child nineteen years of age or older shall have one year from the effective date of this Act to bring a civil proceeding to establish filiation under the provisions of this Act and if no such proceeding is instituted within such time, the claim of such an illegitimate shall be forever barred." The effective date of Act 549 was July 23, 1980, upon signature of the Governor. David Branch died on December 7, 1980. This suit to prove filiation was filed on March 1, 1982.
Because the action to prove filiation was not brought within six months of the death of the alleged parent or within one year of the effective date of Act 549 of 1980, the claims of the children are forever barred. The question of whether the action was timely filed was not raised by the defendant. Because the action was extinguished by peremption, and was not barred merely by prescription, however, we are empowered to supply the objection and should do so to avoid an adjudication based upon a nonexistent right.
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La.C.C. art. 3458 (Supp.1983). Peremption may not be renounced, interrupted, or suspended. La.C.C. Art. 3461 (Supp. 1983). The difference between prescription and peremption is that prescription simply bars the remedy, whereas in peremption time is made the essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right; not even a natural obligation subsists. Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specific time or else the right of action no longer exists. Pounds v. Schori, 377 So.2d 1195 (La.1980); Flowers, Inc. v. Rausch, 364 So.2d 928 (La.1978); Succ. of Pizzillo, 233 La. 328, 65 So.2d 783 (1953).
It is a question of individual statutory construction whether the period established is a peremption, a time fixed by law for the existence of a right, La.C.C. art. 3458, or a period of liberative prescription, a mode of barring an action as a result of inaction for a period of time. La.C.C. art. 3447. See Dainow, The Work of the Louisiana Appellate Courts for the 1967-1968 Term  Prescription, 29 La.L.Rev. 230, 231 (1969). The general rules for the application and construction of laws, which permit a consideration of underlying policy when a law's expressions are dubious, La.C.C. art. 18, are applicable. Also, the jurisprudence and the commentators have formulated auxillary guides to distinguishing between periods of peremption and prescription. The specification of a time limit for bringing an action in the same statute that creates the right of action may indicate that peremption, rather than the general prescriptive periods, applies. Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900); Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539 (La.1880); Cf. Guidry v. Theriot, 377 So.2d 319 (La.1979). A short period for instituting legal action may indicate a legislative *315 intention to enact a peremptive period that applies fully to minors and that cannot be interrupted or suspended. Sewell v. Willcox, 5 Rob. 83, 17 La. 46 (1843); Pounds v. Schori; 369 So.2d 1090 (La.App. 1st Cir.), aff'd, 377 So.2d 1195 (La.1979); Cf. Succession of Saloy, 44 La.Ann. 433, 10 So. 872 (1892). See also, 12 Aubry & Rau, Droit Civil Francais (6th ed.), § 771, in 5 Civil Law Translations 422; Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980).
Taking into account all features of Civil Code article 209, as amended by Act 549 of 1980, and the underlying policies which it seeks to promote, I would hold that the period it establishes for instituting legal action is a peremption. Article 209 itself provides that the time limitation shall run against all persons, including minors and interdicts. This indicates that the period cannot be interrupted or suspended, which is the most important consequence and distinguishing feature of peremption. La.C.C. art. 3461 (Supp.1983); Flowers, Inc. v. Rausch, supra at p. 931. This impression is reinforced by the brevity of the period allowed for commencement of an action, viz., six months from the death of the alleged parent or one year after the child's majority, whichever first occurs. The statute specifies the time limit for bringing the action which it authorizes, indicating that the period established is a peremption imposed strictly by the statute and not governed by the general prescriptive rules. Article 209 represents a legislative intention to grant to illegitimates insofar as practicable rights of filiation and inheritance on a par with those enjoyed by legitimate children while protecting the important state interest in the just and orderly disposition of decedents' estates by helping to forestall fraudulent assertions of paternity, facilitate estate administration, and minimize succession delay and uncertainty. See Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). It is evident, therefore, from the purpose as well as the plain words of the statute that the period is one of peremption; otherwise, if the period were one of prescription, subject to interruption and suspension, the statute could not serve to protect the state's interest in just and orderly disposition of decedents' estates because it would not effectively prevent delay and uncertainty or forestall fraudulent assertions of paternity. The same reasoning also compels the conclusion that the savings clause, § 4 of Act 549, provides a period of peremption. See generally, Spaht, Developments in the Law, 1980-1981 Term  Persons, 42 La.L.Rev. 403, 408, n. 33 (1982).
A court cannot supply the objection of prescription, which must be specifically pleaded. La.C.C.P. art. 928; La.C.C. art. 3452. Peremption may be supplied by a court, however, on its own motion at any time prior to final judgment. La.C.C. art. 3460. These are procedural laws and therefore will be given retroactive effect. See Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); cf., Comment, Prescription and Peremption  The 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593, 604 (1983); Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 238 (1980).
Under the terms of Louisiana Civil Code article 209, as amended by Act 549 of 1980, the existence of plaintiffs' right to establish filiation was extinguished upon the expiration of the peremptive period on July 23, 1981.[1] Thus, plaintiffs' right was non-existent on September 11, 1981, the effective date of Act 720 of 1981, which contains language that might be construed as retroactively enlarging the peremptive period *316 provided by Act 549 of 1980.[2] Accordingly, because the lapse of time not only barred the plaintiffs' remedy, but also extinguished the plaintiffs' right by peremption prior to the passage of the 1981 act, to give that act the effect of reviving the dead law would be to deprive the legitimate heirs of property without due process of law. Where the expiration of the limitation period puts an end to the right, as if no liability had ever existed, not to the remedy alone, a retroactive revival of the dead law cannot be given because it would violate due process. William Danzer & Co. v. Gulf & Ship Island R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925); Cf. Davis v. Valley Distributing Co., 522 F.2d 827, 830, n. 7 (9th Cir.1975); see Spaht, Developments in the Law, 1980-81, 42 La.L.Rev. 403, 408 n. 33 (1982).
Despite the court's language to the contrary, this constitutional due process issue has never been considered or decided by this court. The language in Succession of Clivens, 426 So.2d 585 (La.1982) relied on in footnote one of the court's opinion is dicta totally unnecessary to that decision. Succession of Hawkins, 429 So.2d 194 (La. App. 1st Cir.), writ denied, 434 So.2d 1098 (La.1983) relied on the Clivens dictum, and offered no independent reasons for its conclusion. Succession of Grice, 462 So.2d 131 (La.1985) is cited for the proposition that the "possible unconstitutional application of Act 720 has been rejected by this Court." All that Grice addressed was the constitutionality of the statutory requirement that a filiation action be brought at the latest nineteen years from a child's birth. It did not address the time limitations of Acts 549 and 720. Accordingly, the plaintiffs' rights were extinguished by peremption and the previous courts' judgments dismissing their petition should be affirmed.

2. Statutory Construction
Beyond the peremption issue, this opinion is also disturbing to me in that it apparently opens the door for legitimate children who wish to improve upon their rights under the estates of their legitimate father to bring lawsuits to filiate with one or more illegitimate fathers. Moreover, the opinion allows them to prove filiation many years after the fact by a bare preponderance of evidence, and the successful litigants suffer no penalty in the way of loss of rights under the legitimate family regime. Also, most courts held that something more than a mere preponderance of the evidence is required to rebut the presumption of legitimacy arising from birth in wedlock. The nature and degree of proof necessary for this purpose has been variously described as satisfactory, clear and satisfactory, strong and clear, clear and conclusive, clear and convincing, irrefragable or irresistible, and some courts have gone so far as to require proof beyond a reasonable doubt. 10 Am.Jur.2d, Bastards § 20 at 859-60. If this court is going to make up rules that neither the constitutions nor the statutes require, at least it ought to consider building in safeguards to discourage frivolous suits based solely on avarice.
Also, before adopting a loose cannon approach to this area of law, this court ought to at least explain why it is not restrained by the legislative will, as Professor Spaht persuasively argues:
[A]rticle 209, as amended by Act 720, implies that the child who enjoys legitimate filiation, or is legitimated or formally acknowledged, cannot institute the proceeding to establish filiation. Such an interpretation is perfectly consistent with the organization of the Civil Code articles regarding proof of the parent-child relationship, but inconsistent with the implications of some of the jurisprudence. A further indication that such an interpretation is correct is the amendment *317 to the child Support Enforcement Program. [La.R.S. 46:236.1(F) (Supp. 1975, 1976 & 1978) as amended by 1981 La.Acts, No. 720, § 3] The provisions which authorize the Department of Health and Human Resources to institute filiation proceedings suggest that article 209 prohibits a child from instituting the civil proceeding to establish filiation if he enjoys legitimate status: The department ... may ... take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section. [Id. (emphasis added).] Reading the two statutory changes made in Act 720, the discernible legislative intent is that a child presumed to be that of the husband of the mother may not institute a proceeding to establish filiation to another man. (Emphasis in original; footnotes omitted) Spaht, supra at 405.
NOTES
[1] Thelma White, David and Daisy Griffin were nineteen years of age on the effective date of Act 549 of 1980. Therefore they were allowed one year from its effective date or until July 23, 1981 to bring an action to prove filiation. 1980 La.Act. No. 549, § 4. John Felix Griffin was not yet 19 years old on the effective date, so he was allowed six months from the death of David Branch on December 7, 1980, or until his nineteenth birthday, February 26, 1981, whichever was sooner, to file suit. Each of these peremptive periods expired prior to the effective date of Act 720 of 1981 on September 11, 1981 without any of the children filing suit.
[2] Section 2 of Act 720 of 1981 provides:

Any person against whom the time period provided in this Act would otherwise have accrued except for the provisions of this Section shall have one year from its effective date to bring a proceeding to establish filiation of a child. If no such proceeding is timely instituted, such filiation may not thereafter be established.